Ex parte JONES. (4 Div. 158.)

(Supreme Court of Alabama. Oct. 9, 1924. Rehearing Denied Dec. 4, 1924.)

1. Statutes ⬅️159—Repeals by implication not favored, and prior act not repealed unless subsequent act is directly repugnant thereto.

Repeal of a statute by implication is not favored, and prior act is not repealed unless provisions of subsequent act are directly repugnant to former.

2. Statutes ⬅️158—Implied repeal question of legislative intent.

Repeal of a statute is a question of legislative intention, and time of enactment and effective dates must be considered to determine intent.

3. Statutes ⬅️162—General words of later statute held not to repeal particular provisions of former unless intent apparent.

Where intention of Legislature is not apparent, the general words of a later statute

will not repeal the particular provisions of a former one.

**4. Licenses** ⬡⮞8(2)—**Municipal Census Act held not to repeal Revenue Act, determining amount of cigarette license tax.**

Though city took census under Code 1907, §§ 1060, 1061, which showed population of less than 7,000, Revenue Act Sept. 15, 1919, p. 445, section 377 of which provides that last United States census shall govern amount of cigarette license tax required by section 361, schedule 25, controls, not being repealed by Act Sept. 17, 1919, p. 465, providing that for all purposes census so taken shall govern; there being no conflict within clause repealing all inconsistent laws.

Certiorari to Court of Appeals.

Petition of E. M. Jones for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Jones v. Lee, Judge, 102 So. 233. Writ awarded; reversed and remanded.

Chauncey Sparks, of Eufaula, for appellant.

A general repealing clause is no more than the implication of law. Ogbourne v. Ogburne's Adm'r, 60 Ala. 616. Repeal by implication is never favored. Wyman v. Campbell, 6 Port. 219, 31 Am. Dec. 677; Kinney v. Mallory, 3 Ala. 626; Pearce v. Bank of Mobile, 33 Ala. 693; Smith v. Speed, 50 Ala. 276; Iverson v. State, 52 Ala. 170; Enloe v. Reike, 56 Ala. 500; Parker v. Hubbard, 64 Ala. 203; Cook v. Meyer Bros., 73 Ala. 580; Jackson v. State, 76 Ala. 26; Herr v. Seymour, 76 Ala. 270. City Council v. Nat. B. & L. Ass'n, 108 Ala. 336, 18 So. 816. The two statutes will be given a field of operation, unless there is irreconcilable conflict. 36 Cyc. 1086; State Tax Comm. v. T. C. I. Co., 206 Ala. 355, 89 So. 179.

Harwell G. Davis, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellee.

The provision of the General Revenue Act of 1919, as to population, is general; Acts 1919, p. 465, is special and controls.

GARDNER, J. E. M. Jones applied to the probate judge of Barbour county for a state and county license to sell cigarettes in the city of Eufaula, and tendered therefor a sum sufficient if the federal census of 1920 as to the population of Eufaula was to govern. See section 361, schedule 25, General Revenue Act of 1919 (Gen. Acts 1919, p. 404). Subsequent to the publication of the federal census, but prior to October 1, 1923, the city of Eufaula had taken the census under the provisions of the Acts of 1919, p. 465, which will, for convenience, be referred to as the municipal census. According to this census, the population of Eufaula was in excess of 5,000 and less than 7,000. The General Revenue Act was approved September 15, 1919, and the above-cited act providing for a municipal census was approved two days subsequent thereto. The probate judge was of the opinion that the municipal census should control, and denied the license. Jones made application for a mandamus, which was refused, and his petition therefor dismissed. From the judgment dismissing the petition he prosecuted an appeal to the Court of Appeals, resulting in an affirmance of the judgment, and this petition for certiorari is presented to review the ruling and opinion of the Court of Appeals affirming this judgment.

The sole question presented for determination is whether the federal census shall control in determining the amount to be tendered for license in the instant case, or the municipal census.

The concluding sentence of section 377 of the General Revenue Act 1919, reads as follows:

"In all cases where the amount of license is rated according to the population of the town, city, or county, the population of such town, city or county as fixed by the last preceding United States census shall govern."

Section 425 of this act provides that—

"Except as otherwise provided in this act, all the provisions of this act shall go into effect on the first day of October, 1919."

As previously stated, this act was approved September 15, 1919, and under the provisions thereof, governed by the federal census, petitioner had tendered the proper amount. The ruling of the Court of Appeals is based, however, upon the fact that two days subsequent to the approval of the General Revenue Act there was approved an act ratifying and validating the census of cities and towns of 7,000 inhabitants or less where the same had been taken as provided by the Code. This act provided that the census so taken by the city authorities purporting to be a true and correct enumeration of the inhabitants residing therein, when filed with the secretary of state, is ratified, confirmed, and validated, and "shall for all purposes govern," and be taken as the true and correct census for all such cities and towns in the state. This act further provides that—

"The form of government of such cities and towns shall be governed and controlled by such census when the same is so taken and a report thereof is filed in accordance with the provisions of this act."

The Court of Appeals reached the conclusion that the language of this act is broad and comprehensive to the effect that such

census shall "for all purposes govern," and that therefore there is a conflict between this act and the General Revenue Act referring to the federal census, and that the latter act must control.

[1] The Municipal Census Act makes no reference whatever to the General Revenue Act, but contains a general repealing clause to the effect that "all laws and parts of laws in conflict herewith, be and the same are hereby repealed." Such a general clause, however, does not operate as a repeal of any of the provisions of the General Revenue Act, unless in conflict therewith. As said by this court in Ogbourne v. Ogbourne, 60 Ala. 616, "It is merely a legislative declaration of the necessary effect of the act, if the clause had not been inserted." If, therefore, there is a repeal, it is by implication, and it is well established that repeal by implication is never favored by the court. In Iverson v. State, 52 Ala. 170, the court said:

"The rule is well settled and universally acknowledged, that the repeal of a statute by implication is not favored; and that the courts will not construe a prior act to be repealed, unless the provisions of the subsequent act are directly repugnant to the former. * * * If * * * it be possible to reconcile them together—if by fair interpretation they may both stand—the subsequent statute will not abrogate the former."

The question is one of legislative intent.

[2] The General Revenue Act as to the question here involved became effective October 1, 1919, the Municipal Census Act was passed at the same session of the Legislature, and approved two days subsequent to the General Revenue Act, and, indeed, approved before the latter act became effective. Indeed, these acts were simultaneously passed, the president of the senate having signed the Municipal Census Act on September 15th (House Journal 1919, p. 2114), and on the same day the General Revenue Act was signed by the speaker of the house (House Journal 1919, p. 2111). These are matters to be given consideration in determining the intention of the lawmaking body. As said in City Council of Montgomery v. Nat. Bldg. & Loan Ass'n, 108 Ala. 336, 18 So. 816:

"The question of implied repeal is one of intention, and where two acts are passed at the same session of the Legislature on the same subject it shows an intent that one is not repealed by the other, but that they are to be construed together. * * * The general principle is based * * * upon the theory that the intention of the lawmakers must be effectuated and the courts, to that end, must, if possible, find a field for the operation of both statutes so that both can stand, and, to this end also, when two statutes are passed at the same session of the Legislature they must be construed together; the presumption being in such case that the Legislature intended that both should stand, and that the earlier should not be repealed by the later."

[3] In this same authority another rule of construction is stated which is applicable to the instant case, to the effect that where the intention of the Legislature is not apparent, the general words of a later statute shall not repeal the particular provisions of a former one. This rule was given application in the recent case of Herring v. Griffin, 211 Ala. 225, 100 So. 202. In such cases those matters specially treated will be considered as exceptions to the general provisions. These rules of construction for the determination of the legislative intent find, in our opinion, forcible application to the instant case.

The General Revenue Act was dealing solely with a question of revenue, and for the purpose of determining the amount to be paid fixed the federal census as an appropriate means to that end. It was the standard fixed and settled and dealt with the special subject of revenue. The Municipal Census Act, using the very general words "shall for all purposes govern" should be construed in the light of the object and purpose of that enactment expressed in part, at least, in the concluding sentence of the first section thereof, to the effect that the form of government of such cities and towns shall be controlled by such census. This later act is properly to be construed as applicable for all purposes concerning municipal government and powers and liabilities and duties arising therefrom. It makes no reference to the Revenue Act or any of the provisions thereof. It was passed simultaneously with and just succeeding the approval of the Revenue Act, and prior to the time it became effective, and dealt with a different subject, and we are of the opinion clearly intended for a different purpose. The General Revenue Act dealt with the special subject of revenue, and the general language of the Municipal Census Act is properly to be construed as excepting from its provisions those of the General Revenue Act. The contrary holding would, it seems, also result in affecting the license tax as to express companies (Acts 1919, p. 410), insurance companies (Acts 1919, p. 414), and telegraph companies (Acts 1919, p. 432), though the amount thereof is specifically fixed according to the population as shown by the federal census.

[4] These two acts are, in our opinion, to be reconciled, and a field of operation given for each. The Municipal Census Act was, we think, not intended as a repeal of any of the provisions of the General Revenue Act, and is not in conflict therewith.

We are of the opinion the federal census should have controlled, and that the ruling of the court below should be reversed rather than affirmed.

The petition for writ of certiorari will be awarded; the judgment of affirmance set aside, and the cause remanded to the Court of Appeals for final disposition.

Writ awarded.

All the Justices concur.