141 So. 255

**SHEPHERD et al. v. CLEMENTS.**

6 Div. 960.

Supreme Court of Alabama.

June 25, 1931.

See also, Shepherd et al. v. Clements, post, p. 3, 141 So. 256.

Coleman, Coleman, Spain & Stewart, of Birmingham, for petitioners.

R. Du Pont Thompson and Walter S. Smith, both of Birmingham, opposed.

**2**

GARDNER, J.

This cause was tried in the circuit court of Jefferson county before the court without a jury. There was judgment for the plaintiff, and defendant's motion for a new trial was overruled.

On appeal, the Court of Appeals (141 So. 250) entertained the opinion that a review of the ruling of the trial court on the facts was precluded for the reason, first, that there was no exception reserved on the original judgment rendered, and, second, that the ruling on the motion for new trial was not subject to review, for the reason that the appeal was from the original judgment and not from the order denying said motion. We find ourselves not in accord as to either of these conclusions.

As to the necessity for the reservation of an exception to the finding on the original judgment, the Court of Appeals rests their conclusion upon the provisions of section 7 of the Jefferson County Practice Act as found in Acts 1888–89, p. 797, 800. This section does not specifically require that an exception be reserved, though it may be conceded the ruling of the court thereon was that such reservation of exception was necessary. Hood v. Pioneer M. & M. Co., 95 Ala. 461, 11 So. 10. We think, however, that the ruling of the Court of Appeals overlooks the general scheme of revision as to the circuit courts of the state evidenced by the several legislative acts of the session of 1915. A review of them here in detail is unnecessary, but those of major importance may be found on pages 279, 598, 608, 135, 741, 707, 939, 941, 817, 809, 876 and 824, General Acts 1915.

These several acts provided for the abolition of the chancery courts and the city courts, and their consolidation into the circuit court with equity jurisdiction; for the manner of the call of the docket; election of the judges and solicitors, with particular reference by population qualification to Jefferson county; the regulation of trials in the court and demand for jury; the finality of the judgment at the expiration of thirty days;

for additional salaries to the judges in certain counties, including Jefferson county, and in the act found on page 824 for a review of the finding of the court without a jury, with the concluding sentence: "The finding of the court on the evidence shall be subject to review without an exception thereto," which sentence, we may add, is the only distinguishing feature from the local act. This particular act now constitutes section 9502, Code 1923. All of these acts were passed at the same session and practically simultaneously. They were a part of the general legislative scheme looking to consolidation of the courts and uniformity of procedure therein.

We recognize the rule that the presumption is a general act does not repeal a local statute, but, as has been well said, "such presumption must give way to a plain manifestation of a different legislative intent." The question is one of intention which may be made to appear by the subject-matter with which the general act is concerned, by the surrounding circumstances, by other legislation on the same subject, and the purpose to be accomplished. Thus, where the clear general intent of the Legislature is to establish a uniform system throughout the state, the presumption must be that local acts are intended to be repealed. 36 Cyc. 1089, 1090.

As applicable to the present question, another rule of construction should not be ignored, and that is that statutes should have a rational, sensible construction, if their meaning is at all doubtful. 25 R. C. L. p. 1018.

It would seem unreasonable that the lawmakers should require the reservation of an exception to review the judgment of a court in one county and should permit such review in another county without such exception. We can see no basis in reason or common sense for such a distinction. But we think it clear the above-noted legislative acts evidenced the intent of the lawmakers that they should be applicable throughout the state, and that the practice of review of such judgment should be uniform as to all such courts.

While the matter has been given no general discussion in the decisions, yet this court, as well as the Court of Appeals, has applied this statute to cases appealed from the Jefferson court, and thus considered the Practice Act of 1888–89 superseded in this regard. As to the Court of Appeals we refer to McDonough v. Commercial State Bank, 15 Ala.-App. 429, 73 So. 754, which was an appeal from the city court of Birmingham, and where this statute (General Acts 1915, p. 824) was expressly recognized as applicable to such appeal. As to the decisions of this

court, reference is to Stafford v. Colonial Mortgage & Bond Co., 221 Ala. 636, 130 So. 383, an appeal from Jefferson Circuit Court, and wherein the court cited Browne v. Giger, 221 Ala. 176, 128 So. 174.

We therefore conclude, without further discussion, that the provisions of section 9502, Code 1923, were applicable, and the reservation of an exception was unnecessary for a review of the finding of the trial court.

As to the second question (a review of the denial of motion for new trial on appeal from original judgment), that likewise is settled by decisions of this court and the Court of Appeals. The question is fully discussed in Ewart Lumber Co. v. American Cement Plaster Co., 9 Ala. App. 152, 62 So. 560, 562, wherein it is said: "A party may appeal from the judgment rendered against him and have reviewed not only this judgment and all rulings in the proceedings leading up to it, but incidentally the action of the court in overruling his motion for a new trial"—citing, among other authorities, Cobb v. Malone, 92 Ala. 632, 9 So. 738. Among the recent decisions of this court to like effect is McMillon v. Skelton, 208 Ala. 693, 95 So. 148. Indeed, such is the express language of section 6101, Code 1923. See, also, sections 6088 and 6433, Code 1923.

We are therefore of the opinion the writ should be awarded and the cause reversed and remanded to the Court of Appeals for further proceedings therein.

Writ awarded. Reversed and remanded.

All the Justices concur.