16 So.2d 314

### JENKINS v. STATE.
### 6 Div. 156.

Supreme Court of Alabama.

Jan. 13, 1944.

Walter S. Smith, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BROWN, Justice.

The appellant, Ben Jenkins, was indicted by a grand jury organized in the Jefferson County Circuit Court, for a capital felony. He was duly tried and convicted of this offense by a jury drawn, summoned and organized as provided by Subdivision 5, Tit. 62, of the Code of 1940, which embraces Section 196 to Section 228, inclusive— a codification of the law enacted and operating in Jefferson County prior to the adoption of the code—the dominant purpose of which, as appears from its provisions, was to provide secret venires for use in the courts of that county for the trial of all cases "whether civil or criminal, capital or otherwise," Code 1940, Tit. 62, § 213, as a safeguard against the supposed pernicious evil of tampering with or fixing jurors for the trial of cases, before the juries are or-

ganized and come under the immediate protection of the court. This jury law has been upheld as constitutional by this court. Morris v. State, 234 Ala. 520, 175 So. 283; Vaughn v. State, 236 Ala. 442, 183 So. 428; Dyer v. State, 241 Ala. 679, 4 So.2d 311.

Section 226, Tit. 62, Code 1940, provides: "No special venire in capital cases.—No special venire shall be ordered or drawn for the trial or trials of a defendant or defendants in capital felonies, and a defendant or defendants in capital felony cases shall only be entitled to strike from a list of twenty-four competent jurors obtained from the regular juries in the court."

Appellant through his counsel, insisting that there is error apparent on the record, states his contention in brief in the following words:

"Counsel for appellant in the case at bar is not attacking the local jury law for Jefferson County on the ground of its unconstitutionality, but he takes the position that Section 63, Title 30 of the Code of 1940 and other sections of the Code of 1940, applying to capital cases, numbered from section 64 to 71, both inclusive, of Title 30 of the Code of 1940, repeal or supersede the local jury law of Jefferson County and that Article 2, Title 30 of the Code of 1940, is now the law applicable to Jefferson County just as it is the law applicable to all the other counties of Alabama.

"In this connection the appellant is relying upon the case of Shepherd et al. v. Clements, 224 Ala. 1, 141 So. 255."

The Shepherd case merely holds that the local practice act controlling appeals from Jefferson County Circuit Court [Acts 1888-89, pp. 797, 800] was superseded and repealed by the several statutes enacted in 1915, providing for "the abolition of the chancery courts and the city courts, and their consolidation into the ·circuit court with equity jurisdiction; for the manner of the call of the docket; ·election of the judges and solicitors, with particular reference by population qualification to Jefferson county; the regulation of trials in the court and demand for jury; the finality of the judgment at the expiration of thirty days; for additional salaries to the judges in certain counties, including Jefferson county, and in the act found on page 824 for a review of the finding of the court without a jury, with the concluding sentence: 'The finding of the court on the evidence shall be subject to review without an exception thereto,' which sentence, we may add, is the only distinguishing feature from the local act. This particular act now constitutes section 9502, Code 1923."

It appears from the opinion in that case that the particular act providing for review without exception was carried forward into the Code of 1923 as Section 9502, Code 1940, Tit. 7, § 260; Tit. 15, § 322, along with all the other acts referred to above except the act of 1888–89. Shepherd et al. v. Clements, 224 Ala. 1, 141 So. 255.

Title 62 of the Code of 1940 constituted and is a part of the manuscript Code which was adopted by a single act of the legislature. The code as a whole provides a system of law applicable to the entire state; and the several chapters, titles and sections are in pari materia, each having a field of operation, and must be so construed. The several sections of the code embodied in Title 62 were not repealed by the statutes embodied in Title 30. Smith v. State, 223 Ala. 346, 136 So. 270; State v. Towery, 143 Ala. 48, 39 So. 309; Dillon v. Hamilton, Tax Collector, 230 Ala. 310, 160 So. 708; State ex rel. Sossaman v. Stone, County Treasurer, 235 Ala. 233, 178 So. 18.

Title 62, § 226, Code 1940, governs the trial of capital cases in Jefferson County.

No error appears on the record.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.