This is a corporate income tax case.
In 1978 Chesebrough-Ponds, Inc., was a foreign corporation doing business in Alabama. It joined with its fifteen subsidiaries in filing a consolidated federal income tax return for that year, but filed a separate return with Alabama (Alabama does not allow for consolidated returns). Section40-18-35 (3), Code of Alabama 1975 allows as a deduction from state income tax an amount of the total federal income tax paid or accrued by a foreign corporation doing business in Alabama. The amount of federal income tax deductible by such foreign corporation is determined by the following ratio:
 net income from business done in Alabama --------------------------------------------- net income from business done both within and without the state of Alabama
In the case of a foreign corporation which files as part of a consolidated group for federal purposes, before the above apportionment ratio is applied, the group's federal tax liability must be allocated among the individual corporations in the group. The allocation of the federal tax among the individual corporations is controlled by 26 U.S.C.A. § 1552
(West 1982), as adopted by Alabama Income Tax Regulation 35.2.
Chesebrough-Ponds followed regulation 35.2 in allocating to itself $13,130,566.00 of federal tax liability for 1978. The allocation calculation is not in dispute. The amount claimed as a deduction from Alabama income tax was then determined by the application of the apportionment ratio set out in § 40-18-35
(3), Code 1975. In computing its deduction, Chesebrough-Ponds *Page 597 
did not include in the denominator of the ratio intercompany dividends paid to it by its subsidiary corporations. The omission of those dividends resulted in a smaller denominator in the ratio, and therefore a larger deduction, than would have resulted had they been included. The Alabama State Department of Revenue took the position that the intercompany dividends should have been included in the apportionment ratio and therefore disallowed Chesebrough-Ponds' calculation and entered the assessment now in issue. The amount of tax in dispute is $31,617.00.
Chesebrough-Ponds appealed the Revenue Department's final assessment to the Montgomery County Circuit Court under §40-2-22 of the Code. The lower court entered a decree in favor of Chesebrough-Ponds on July 7, 1982. The Revenue Department appeals that decision.
The sole issue on appeal is whether intercompany dividends received by a foreign parent corporation from a subsidiary not domiciled in Alabama should be included as "net income . . . from business done both within and without the State of Alabama" for purposes of determining the amount of the deduction from net income of federal income taxes paid as provided in § 40-18-35 (3), Code 1975. The issue is one of first impression, and the consideration of this appeal necessarily involves judicial interpretation of § 40-18-35, Code 1975, and related statutes.
"Net income from business done both within and without the state" is not defined in the Code; "net income," however, is defined. The Revenue Department contends that since intercompany dividends are net income for income tax purposes, they should be included in the denominator of the apportionment ratio. Chesebrough-Ponds contends that "net income from business done" is a more specific term than "net income." The trial court agreed with Chesebrough-Ponds and ruled that although "net income from business done" is not defined in the Code, it is a similar concept to "business income," which is defined in Alabama Tax Regulation 31.2: "As used in this regulation, unless the context otherwise requires: (a) `Business income' means income arising from transactions and activity in the regular course of the taxpayer's trade or business. . . ." The regulation also states that dividend income is non-business income, when dealing in securities is not the principal business activity of the taxpayer.
The Revenue Department contends that "business income" is a term limited in application to the specific purpose of Regulation 31.2; that is, geographically locating a parent corporation's income according to its source — to apportion it to the contributing subsidiary. The Revenue Department contends that the purpose of Regulation 31.2 is not to classify an item as taxable or not taxable, but simply to locate it in a particular state.
The definition of "business income" in Regulation 31.2 is a verbatim restatement of the definition of that term in the Multistate Tax Compact, § 40-27-1, Code 1975. The stated purposes of the tax compact are to:
 1. Facilitate proper determination of state and local tax liability of multistate taxpayers, including the equitable apportionment of tax bases and settlement of apportionment disputes.
 2. Promote uniformity or compatibility in significant components of tax systems.
 3. Facilitate taxpayer convenience and compliance in the filing of tax returns and in other phases of tax administration.
4. Avoid duplicative taxation."
"Business income" and "net income from business done" are very similar terms; their similarity is even greater in the light of the language of Article IV, paragraph 2 of the Multistate Tax Compact: "Any taxpayer having income from business activity which is taxable both within and without this state . . . shall allocate and apportion his net income as provided in this article." § 40-27-1, Code 1975. *Page 598 
We consider that the legislature intended that "net income from business done" should mean something more than just "net income." We cannot presume that the legislature has used language without any meaning or application. Wright v.Cutler-Hammer, Inc., 358 So.2d 444 (Ala. 1978). To determine what the legislature meant by the term "net income from business done," it is proper to look at other sections of the income tax law. Sections of the Code which deal with the same subject matter are in pari materia and should be construed together to ascertain their meaning and intent. Locke v. Wheat,350 So.2d 451 (Ala. 1977).
In light of the above rule of construction and the stated purposes of the Multistate Tax Compact (especially purpose number 2), we find that "net income from business done" and "business income" are derived from the same source; i.e., "net income from business done" and "net business income," for the purpose of apportioning federal income tax deductible under §40-18-35 are the same. The dividend income involved in this appeal would not be business income under § 40-27-1, Code 1975. It would not be subject to federal income tax as business income. To include such dividends in the equation to determine an apportionment of federal income tax paid and deductible for the business done in Alabama would be to use a factor not used in determining the total federal income tax. The judgment of the circuit court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.