These appeals arise from two cases which were consolidated because their resolution is dependent upon the answer to one question.
Merrell v. City of Huntsville arose when Benny Merrell filed suit against the City of Huntsville seeking a declaratory judgment and a writ of mandamus directing the city to issue him a liquor license. Merrell appeals from a judgment of the Montgomery County Circuit Court in favor of the City of Huntsville.
Alabama Alcoholic Beverage Control Board v. City ofHuntsville was initiated when the City of Huntsville filed a declaratory judgment suit against the Board, claiming that it had no legal authority to issue a retail lounge liquor license for a licensee in Madison County not within the city limits of Huntsville. The Board appeals from a judgment of the Montgomery County Circuit Court in favor of the City of Huntsville. This case was transferred from the Court of Civil Appeals to this Court for consolidation with Merrell, pursuant to § 12-3-15, Code of Alabama (1975).
These two cases involve a conflict between Act 75-380,1975 Ala. Acts, a local Act applying only to Madison County and the City of Huntsville, and the subsequently enacted "Alcoholic Beverage Licensing Code," Act 80-529, 1980 Ala. Acts, codified as § 28-3A-1, et seq., Code 1975, a general law of statewide application. The issue which arises in this appeal is whether the *Page 1250 
enactment of Act 80-529 repealed Act 75-380 by implication. We hold that Act 75-380 was in fact repealed.
Act 75-380 was enacted in 1975. Its general purpose was to regulate and control the sale of alcoholic beverages in Madison County. The law proscribed the sale of "spirituous or vinous liquors" in Madison County except by ABC stores in the county and except by retail liquor establishments located within the City of Huntsville which were licensed both by the State and by the City. The law also limited the sale of any "malt or brewed beverages" by giving only Board licensees located within the police jurisdiction or city limits of an incorporated municipality in Madison County the power to sell such beverages.
Further, Act 75-380 gave the City of Huntsville the authority to promulgate ordinances and regulations in regard to the licensing and sale of alcoholic beverages, the power to require that licensees obtain separate licenses to sell alcoholic beverages from both the City and the State, and the power to suspend or revoke a license issued by the City.
In 1980, the legislature enacted Act 80-529, entitled "Alcoholic Beverage Licensing Code," and codified as § 28-3A-1,et seq., Code 1975. This legislation was a general revision of the law regarding the licensing and regulation of the sale of alcoholic beverages in Alabama. Act 80-529 delineates 15 classifications of liquor licenses, the purposes for which such licenses will be issued, the fees to be charged for the licenses, the issuance and renewal process for the licenses, and the necessary steps for suspension and revocation of the licenses. The Act also sets out specific acts relative to the sale, consumption, and transportation of alcoholic beverages which acts are made unlawful, and goes on to prescribe the punishment for those acts.
Appellants Merrell and the Board contend that Act 75-380 is inconsistent with Act 80-529. More specifically, Merrell applied for and was denied a "Class II" lounge retail liquor license from the City of Huntsville. This type of license is authorized by Act 80-529, the general act, but is not allowed under Huntsville's ordinances adopted pursuant to Act 75-380, the local act. Merrell asserts that Act 75-380 was repealed by Act 80-529 and that any Huntsville ordinances promulgated pursuant to the repealed Act are invalid.
This court has stated the following about the effect of the enactment of a general law where there is a pre-existing local law:
 When provisions of general law, applicable to the entire state, are repugnant to provisions of a previously enacted special law, applicable in a particular locality only, passage of the general law does not operate to repeal the special law, either in whole or in part, unless repeal is provided for by express words or arises by necessary implication. [Citations omitted.]
Vaughan v. Moore, 379 So.2d 1240 (Ala. 1979). This analysis would lead to the conclusion that Act 75-380 was repealed by Act 80-529 only if the two laws were incompatible and only if the latter statute contains express words of repeal or if the content of Act 80-529 mandated the repeal of the inconsistent local act by necessary implication.
Act 80-529 contains a "repealer" clause (Section 27) expressly repealing certain enumerated sections of the Alabama Code. There is no express mention of Act 75-380. The clause does state generally, however, that "[a]ll laws or parts of laws which conflict or are inconsistent with this Code are hereby repealed." This language comprises what is known as a general repealing clause, an insertion of dubious value. One authority describes this type of repealer in this way:
 An express general repealing clause to the effect that all inconsistent enactments are repealed, is in legal contemplation a nullity. Repeals must either be expressed or result by implications. . . . [A] general repealing clause cannot be deemed an express repeal because it fails to identify or designate any act to be repealed. It cannot be determinative of an implied repeal for it does not declare *Page 1251 
any inconsistency but conversely, merely predicates a repeal upon the condition that a substantial conflict is found under application of the rules of implied repeals. [Footnotes omitted.]
1A Sutherland, Statutes and Statutory Construction § 23.08 (Sands, 4th ed. 1972). Thus, since the repealing clause in Act 80-529 does not expressly repeal Act 75-380, any repeal would arise only by necessary implication.
Repeal of a statute by implication is not favored, however, and a prior act is not repealed unless provisions of a subsequent act are directly repugnant to the former. Ex parteJones, 212 Ala. 259, 102 So. 234 (1924). The provisions of Act 80-529 would have to be irreconcilable with the provisions of Act 75-380 for the earlier statute to be deemed repealed by implication.
Ex parte Jones, supra, indicates that legislative intent is a crucial factor in determining whether two statutes are irreconcilable so as to require repeal. In Shepherd v.Clements, 224 Ala. 1, 141 So. 255 (1931), this Court stated that the presumption against a finding of implied repeal gives way to a plain manifestation of contrary legislative intent. The Court stated this:
 The question is one of intention which may be made to appear by the subject-matter with which the general act is concerned, by the surrounding circumstances, by other legislation on the same subject, and the purpose to be accomplished. Thus, where the clear general intent of the Legislature is to establish a uniform system throughout the state, the presumption must be that local acts are intended to be repealed. [Citation omitted.]
224 Ala. at 2, 141 So. at 256. In this regard, Sutherland
states the following:
 The intent to repeal all former laws upon a subject is made apparent by the enactment of subsequent comprehensive legislation establishing elaborate inclusions and exclusions of the persons, things and relationships ordinarily associated with that subject. Legislation of this sort which operates to revise the entire subject to which it relates, by its very comprehensiveness gives strong implication of a legislative intent not only to repeal former statutory law upon the subject, but also to supersede the common law relating to the same subject. [Footnotes omitted.]
Sutherland, supra, at § 23.13. If then, the Alcoholic Beverage Licensing Code is considered "comprehensive legislation" toward a "uniform system" of liquor licensing throughout this state, and if Act 75-380 is inconsistent with Act 80-529, it would follow that Act 75-380 is repealed by implication according to legislative intention.
In both of these cases the trial court found that Act 80-529 did not impliedly repeal Act 75-380. Each final order indicates that there is no indication of an intent of the legislature to enact a uniform system of alcohol licensing regulation. We disagree.
The Alcoholic Beverage Licensing Code is an extensive and comprehensive revision of the law regarding the licensing of alcoholic beverages in Alabama. Act 80-529 changes licensing laws originally enacted during the 1936-1937 legislative session. It is likely that in 1980 the legislature considered some of the original provisions antiquated. After considering the Shepherd factors of 1) the subject matter of this legislation, 2) the surrounding circumstances, 3) other legislation in this area, and 4) the purpose to be accomplished by the law, we conclude that the legislature intended Act 80-529, the Alcoholic Beverage Licensing Code, to provide a uniform and comprehensive body of liquor licensing law.
Further, we find that there is incompatibility between the two acts in issue. Not only is there obvious inconsistency in the area of what types of licenses are available, the dispute which forms the factual basis of each case here on appeal, but there are other inconsistencies in the Acts, including a major difference in the provisions for approval and issuance of liquor licenses *Page 1252 
and the provisions for revocation and suspension of such licenses.
Since there are inconsistencies between Act 75-380, a local act of application to Huntsville and Madison County, and Act 80-529, a general act of statewide application, the former is now held repealed by implication by the latter. This conclusion is based on the additional determination that the legislature intended the Alcoholic Beverage Licensing Code to provide a uniform system of liquor licensing throughout the State.
For all of the above-stated reasons, the judgments in these cases are hereby reversed and the cases remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.