This appeal challenges the validity of the Alabama Table Wine Act as it relates to the Alcoholic Beverage Licensing Code.
Suit was brought by the Alabama Retail Association (ARA), five retailers licensed to sell table wine, the Alabama Wholesale Beer and Wine Association (AWBWA), and four wholesalers licensed to sell table wine, against named municipal and county defendants, individually and as class representatives, and a defendant class composed of other municipalities and counties, all of whom levy and impose license fees, taxes, or other charges for the privilege of selling table wine. Appellees (Merchants) sought: 1) a declaratory adjudication that the local ordinances enacted by Appellants (Cities) were invalid as violating sections 13 (a) and 16 (d) of the Table Wine Act; 2) injunctive relief prohibiting Cities from imposing and collecting local taxes and license fees for the sale of table wine; and 3) damages in the amount of any license fee or tax collected by Cities in excess of that permitted by the Table Wine Act.
Both Merchants and Cities moved for summary judgment based on the pleadings and the record before the trial court at the hearing for class determination (which record included the code sections at issue, the applicable licensing and taxing provisions of the named municipalities and all wet counties in Alabama, and a 1983 amendment to the Table Wine Act). At the hearing on these motions, the parties agreed that there was no factual dispute with regard to the injunctive and declaratory relief sought, and further stipulated that the claim for money damages should be dismissed without prejudice.
Based upon the pleadings, briefs, and oral argument presented by all named parties, the trial court entered its final judgment. The court's order held that the limitations found in sections 13 (a) and 16 (d) of the Table Wine Act are valid, and that the Alcoholic Beverage Licensing Code in no way repeals or modifies the prohibitions and limitations on local licenses and taxes found in the Table Wine Act. The order further enjoined the named and class defendants from collecting any license fee or privilege tax or other charge in excess of that imposed by the Table Wine Act (other than a general sales tax). Three of the named Cities appeal from the final judgment. We affirm.
On appeal, Cities attack not only the trial court's order with respect to the "conflicting" code sections, but also charge that the court erred in allowing ARA and AWBWA to proceed as plaintiffs. We will address each of these contentions separately.
 ALLEGED STATUTORY CONFLICT
The Alabama Table Wine Act, now codified at Code 1975, §28-7-1, et seq., became effective on September 30, 1980. Section 2 of the Act sets out the legislative intent:
 "The public interest lying in the promotion of temperance by and through the proper regulation of alcoholic beverages, through the instrumentality of the Alabama alcoholic beverage control board and otherwise, it is the intent of the legislature and declared to be the *Page 105 
purpose and intent of this Act to promote temperance and to further regulate the sale of alcoholic beverages in the state by distinguishing between fortified wine or vinous liquor having more than fourteen percent (14%) alcohol by volume and table wine having not more than fourteen percent (14%) alcohol by volume, which is hereby declared to be non-liquor and not vinous liquor, and specifically to authorize and regulate the sale and handling of table wine in Alabama by wine manufacturers, wholesalers and retailers licensed by the board."
The Alcoholic Beverage Licensing Code, also with an effective date of September 30, 1980, is found at Code 1975, § 28-3A-1,et seq.
Section 13 (a)[1] of the Table Wine Act provides that statewide
table wine license fees shall be $150 for a wine retailer's license, $550 for a wine wholesaler's license, $500 for a wine importer's license, and $500 for a wine manufacturer's license. That section goes on to provide, however, that "said county or municipality shall levy no license or privilege tax, or other charge for the privilege of doing business as a wine wholesaler, importer or retailer, which shall exceed one-half the amount of the state license fee levied under the provisions of this Section for like privilege."
Section 16 (d) of the Table Wine Act requires that "[t]he tax herein levied is exclusive and shall be in lieu of all other and additional taxes and licenses of the state, county or municipality, imposed on or measured by the sale or volume of sale of table wine; provided, that nothing herein contained shall be construed to exempt the retail sale of table wine from the levy of tax on general retail sales. . . ."
The local ordinances of the named and class Defendants either levied license fees exceeding one-half of the state license fee in violation of Section 13 (a), or imposed taxes based upon percentage of sales or purchases of table wine in violation of Section 16 (d), or both.
We agree with Cities' argument that the passage of the Alcoholic Beverage Licensing Code "demonstrates a clear intention on the part of the legislature to revise the law as to the licensing and regulation of all alcoholic beverages." Indeed, such was the precise conclusion reached in Merrell v.City of Huntsville, 460 So.2d 1248 (Ala. 1984):
 "The Alcoholic Beverage Licensing Code is an extensive and comprehensive revision of the law regarding the licensing of alcoholic beverages in Alabama. . . . [W]e conclude that the legislature intended Act 80-529, the Alcoholic Beverage Licensing Code, to provide a uniform and comprehensive body of liquor licensing law." Merrell, at 460 So.2d 1248.
The Alcoholic Beverage Licensing Code, however, while specifically repealing particular sections of the then-existing alcoholic beverage statutes (see Section 27 of the Alcoholic Beverage Licensing Code), does not specifically repeal any provision of the Table Wine Act. Indeed, the exclusive tax on, or measured by the sale of, table wine levied by Section 16 of the Table Wine Act is in no way addressed or dealt with in the provisions of the Alcoholic Beverage Licensing Code.
Further, the general repealing clause found at Section 27 of the Alcoholic Beverage Licensing Code cannot operate to repeal the Table Wine Act except to repeal by implication any conflicting portions of the Table Wine Act; and it has been consistently held in this State that repeal by implication is never favored by the courts. Sand Mountain Bank v. AlbertvilleBank, 442 So.2d 13 (Ala. 1983); Ex parte Jones, 212 Ala. 259,102 So. 234 (1924).
The degree of conflict required between two statutes in order to declare that *Page 106 
one impliedly repeals the other is that of irreconcilability.
 "`We are not unmindful of the fact that repeal by implication is not favored in the law. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former. If there is a reasonable field of operation, by a just construction, for both, they will both be given effect. This is said to be preferable to repeal by implication.'" [Citations omitted.]
 "`We are also not unmindful of the fact that bills pending at the same time, and enacted into laws at the same session of the Legislature, are to be construed in pari materia. They are presumed not to conflict, and a field of operation will be given each, if consistent with clear intent.'" [Citations omitted.]
Reid v. City of Birmingham, 274 Ala. 629, 635-36,150 So.2d 735, 741 (1963), quoting Davis v. Browder, 231 Ala. 332, 335,165 So. 89, 91 (1935).
 "`The rule announced in Hand v. Stapleton, 135 Ala. 156, 33 So. 689, that when sections of a statute are in conflict the last in order of arrangement will control, is subject to the dominant rule that the statute should be construed as a whole to find the legislative intent. Indeed, separate acts relating to the same subject, pending for consideration at the same time, will be construed in pari materia, without undue regard to the dates of actual passage. Conflicting intentions in one and the same act are not to be supposed, and never so regarded, unless forced upon the courts by unambiguous language. The rule of construction is to harmonize seeming conflicts. To do so, the less certain must yield to its more certain terms. For this reason a description giving not only the course or direction of a line, but also giving its terminal point, must dominate over one giving course or direction only, unless other terms of the statute, in connection with the subject matter, makes clear a different intent.'"
Reid v. City of Birmingham, supra, quoting Marengo County v.Wilcox County, 215 Ala. 640, 642, 112 So. 243, 245 (1927).
Further, where, as here, "a special subject has been specially provided for by law, it will not be considered as repealed by a subsequent law which deals with a general subject in a general way, though the specific subject of a special provision may be included in the general subject and the general provision." City of Mobile v. Mobile Electric Company,203 Ala. 574, 578, 84 So. 816, 819 (1920).
We hold, then, that the Alcoholic Beverage Licensing Code is a comprehensive statute which deals with the licensing of those engaged in transactions involving alcoholic beverages; and, while it is comprehensive, it is, by the very nature of its own broad scope, a general statute. The Table Wine Act, however, is a statute enacted to further a specific legislative intent and deals exclusively with transactions involving table wine; thus, it is a specific statute.
Because the "conflict" between these two statutes does not rise to the degree of irreconcilability, we find that each statute may be given a reasonable field of operation, which will, when they are construed together, give effect to the legislative intent and purpose of both enactments. Although, in this case, the specific will control the general, we do not find that the overall purpose of the general statute will be thwarted by giving effect to the specific statute. We find additional support for our decision in the legislature's further amending Section 16 of the Table Wine Act during its 1983 regular session (see Act No. 83-594, approved July 25, 1983).
Accordingly, we hold that the Table Wine Act, as amended, is neither repealed nor modified, either expressly or impliedly, by the provisions of the Alcoholic Beverage Licensing Code. The statutes should be construed in pari materia, and where there exists a conflict between the two, the more specific provisions of the Table Wine Act will control. *Page 107 
 STANDING TO SUE
Cities allege that the trial court erred in denying their motions to strike both ARA and AWBWA as plaintiffs. Cities maintain that the two trade associations do not possess the requisite standing to sue on behalf of their members, nor are they real parties in interest as required by Rule 17 (a) of the Alabama Rules of Civil Procedure.
Assuming, arguendo, that Cities are correct in their assertion that the two trade associations were not proper parties, Cities have not shown any injury suffered as a result of the trial court's allowing ARA and AWBWA to proceed as plaintiffs. Indeed, there are five retailers and four wholesalers that were also Plaintiffs in this action — Plaintiffs who meet the criteria for standing which, Cities argue, the trade associations do not meet.
We hold that the trial court's refusing to strike ARA and AWBWA as plaintiffs did not affect Cities' substantial rights. Rule 61, A.R.Civ.P. Therefore, because Cities have failed to show the requisite injury to their substantial rights, the error on the part of the trial court, if any, is harmless and cannot serve as a basis for reversal of the final judgment appealed from. Spencer v. Malone Freight Lines, 292 Ala. 582,298 So.2d 20 (1974); Rule 45, A.R.A.P.
The final judgment entered by the trial court is correct and, hereby, is affirmed.
AFFIRMED.
All the Justices concur.
[1] All references to sections of either the Table Wine Act or the Alcoholic Beverage Licensing Code also refer to the same section of the corresponding Alabama Code title and chapter. For example, Section 1 of the Table Wine Act is § 28-7-1.