Stephen Hurley appeals from a summary judgment entered on June 5, 1991, in favor of the Marshall County Commission, the Marshall County Personnel Board, and individual Marshall County commissioners. We affirm in part, reverse in part, and remand.
The Marshall County Commission ("Commission") hired Stephen Hurley as Marshall County engineer on January 9, 1984. Hurley was hired after the adoption of Act 76-616, Ala. Acts 1976, and Act 82-206, Ala. Acts 1982. At all times during his tenure as county engineer, Hurley lived in Etowah County, Alabama. The Commission was aware when it hired him that Hurley was not a resident of Marshall County.
The Commission terminated Hurley's employment as county engineer on March 11, 1991, citing his failure to reside in Marshall County, as required by Act 76-616, as the reason for his termination. On March 8, 1991, Hurley requested a written notice and a hearing concerning his termination, which the Commission denied. Hurley filed a grievance with the Marshall County Personnel Board ("Board") against the Commission on March 12, 1991. The Board, in turn, sued the Commission for a declaratory judgment, to determine whether termination of the Marshall County engineer was controlled by Act 76-616 or by Act 82-206, which established a merit system for Marshall County employees. The Board later added Hurley as a defendant in the declaratory action. *Page 429 
Hurley filed a counterclaim against the Board and a cross-claim against the Commission, alleging a violation of his constitutional right to due process and seeking damages under42 U.S.C. § 1983. Hurley later sued Marshall County and members of the Marshall County Commission as third-party defendants. The Board and the Commission moved independently for summary judgment, and the commissioners moved for a partial summary judgment. The trial court on June 5, 1992, entered a judgment declaring that Act 76-616 governed the employment (and termination) of Hurley as county engineer, and it entered a summary judgment in favor of the Commission, the individual commissioners, and Marshall County on Hurley's cross-claim and third-party claims. On June 16, 1992, the trial court amended its June 5 judgment to enter a summary judgment in favor of the Board on Hurley's counterclaim. Hurley appeals the June 5 order.
The primary issue is whether Act 82-206 repealed Act 76-616 by implication. A related issue is whether Hurley's employment as county engineer was governed entirely by Act 76-616, as the trial court found, or whether Hurley's employment also falls within the purview of Act 82-206, which guarantees due process in matters of employment to Marshall County merit system employees.
A summary judgment is proper when there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; King v.Breen, 560 So.2d 186 (Ala. 1990). In determining the existence or absence of a genuine issue of material fact, this Court is limited to a consideration of the factors that were before the trial court when it ruled on the summary judgment motion.Broadmoor Realty, Inc. v. First Nationwide Bank, 568 So.2d 779
(Ala. 1990). However, this Court's reasoning is not limited to that applied by the trial court. Hill v. Talladega College,502 So.2d 735 (Ala. 1987).
The parties do not dispute the material facts in this case. Therefore, we need only address whether the court properly applied the law to those facts. The trial court, applying well-established laws of statutory interpretation, held that Act 82-206 did not repeal Act 76-616, and, therefore, that Hurley's employment with Marshall County was governed entirely by Act 76-616.
Act 76-616 creates the position of Marshall County engineer and provides for the engineer's employment and termination by the Commission, as follows:
 "Section 12. Engineer Employed. The commission shall employ a County Engineer, who shall be a thoroughly qualified and competent civil engineer, possessing all the qualifications as specified for County Engineers under the General Laws of Alabama; and he shall devote his entire time and attention to the maintenance and construction of the public roads, highways, bridges, and parks, and other public properties of Marshall County, and shall reside in Marshall County during his employment as county engineer. Termination of the employment of the county engineer shall only be made by an affirmative vote of four (4) members of the commission at a regular session of the commission and with the approval by a majority vote of the Marshall County Salary Commission."
The law establishing the Marshall County Salary Commission was expressly repealed by § 19, Act 82-206, Ala. Acts 1982, before Hurley was hired as county engineer. Thus, under Act 76-616 alone, termination of the county engineer is solely within the discretion of the Commission, without review. Because Act 76-616 contains no other guidelines for the termination of the county engineer, he is an "at will" employee unless some other act entitles him to due process rights in his employment. We conclude that under Act 82206, Hurley is entitled to due process safeguards in his termination.
Act 82-206 created a merit system for Marshall County employees and established the Marshall County Personnel Board to govern the "appointment, hiring, salaries, benefits, removal and official conduct" of Marshall County employees. Act 82-206, *Page 430 
Acts of Alabama 1982, at 242. The pertinent parts of this act provide:
 "Section 2. As used in this Act, unless the context clearly requires a different meaning: 'County' means Marshall County, Alabama; 'employee' means any person . . . not excepted by Section 3 of this Act, who is employed in the service of Marshall County or any board, agency, or instrumentality thereof; 'merit employee' means any such employee who shall have completed six months of probationary employment; 'Board' means the Personnel Board created by this Act. . . .
 "Section 3. The provisions of this Act, shall apply to all officials and employees in the service of the County or any board paid by the Marshall County Commission, agency or instrumentality thereof except: (a) persons holding elective offices; (b) members of appointive boards, commissions, and committees; (c) all employees of the County Board of Education; (d) independent contractors; [and (e)] any person whose employment is subject to the approval of the United States Government or any agency thereof.
". . . .
 "Section 13. (a) The county commission, any member of the governing body, or the head of any department or office, respectively, can remove, discharge, or demote any merit employee who is directly under such governing body, member thereof, or department head, provided that within five calendar days a report in writing of such action is made to the Board and employee, giving the reason for such removal, discharge or demotion. The employee shall have ten calendar days from the time of notification of his discharge, removal, or demotion in which to appeal to the Board. If such appeal be filed, the Board shall thereupon order the charges or complaint to be filed forthwith in writing, if not already filed, and within 15 calendar days shall hold a hearing de novo on such charges. No merit employee shall be removed, discharged, or demoted except for some personal misconduct, or fact, rendering his further tenure harmful to the public interest, or for some cause affecting or concerning his fitness or ability; and if such removal, discharge or demotion is appealed to the Board, then the same will become final only upon affirmation by the Board after a hearing upon written charges or complaint has been had and after an opportunity has been given such employee to face his accusers and be heard in his own defense. . . . Hearings on appeal shall be held within 30 days from the date of receipt of written request to the Board. In all cases, the decision of the Board shall be reduced to writing and entered in the record of the case and shall include the Board's finding of facts upon which its decision is based."
Act 82-206.
Hurley contends that the trial court erred in holding that Act 82-206 did not impliedly repeal Act 76-616. We disagree. A later statute may repeal an earlier statute by implication only under certain circumstances, such as when the two statutes, taken together, are so repugnant to each other that they become irreconcilable. "Repeal of a statute by implication is not favored, however, and a prior act is not repealed unless provisions of a subsequent act are directly repugnant to the former." Merrell v. City of Huntsville, 460 So.2d 1248, 1251
(Ala. 1984) (citing Ex parte Jones, 212 Ala. 259, 102 So. 234
(1924)). Moreover, "legislative intent is a crucial factor in determining whether two statutes are irreconcilable so as to require repeal." Id.
Act 76-616 established the Marshall County engineer as an "at will" employee whose employment could be terminated by the Marshall County Commission. Subsequently, Act 82-206 established a merit system of employment for all Marshall County employees not excepted by § 3 of the Act. As shown below, these two acts are not so repugnant to each other, or in such irreconcilable conflict, that one must be repealed by implication for the other to continue to operate. Therefore, we affirm that part of the trial court's judgment holding *Page 431 
that Act 76-616 is not repealed by Act 82-206.
The trial court's conclusion that employment of the Marshall County engineer is governed solely by Act 76-616 does not comport with our law of statutory construction, however.
 "It is only when two laws are so repugnant to or in [irreconcilable] conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former. If there is a reasonable field of operation, by a just construction, for both, they will both be given effect. This is said to be preferable to repeal by implication."
Davis v. Browder, 231 Ala. 332, 335, 165 So. 89, 91 (1935), quoted in City of Tuscaloosa v. Alabama Retail Ass'n,466 So.2d 103, 106 (Ala. 1985).
There is nothing to indicate that the legislature did not intend for Act 82-206 to apply to the Marshall County engineer. The legislature specifically listed, in § 3 of Act 82-206, five classes of Marshall County employees whose employment would not be covered by the merit system. (See § 3, quoted above.) The county engineer's position does not fit within any of these exceptions. Because the legislature drafted 82-206 to "apply to all officials and employees" of Marshall County not excluded by § 3, and because the county engineer is not excluded by § 3, then the legislature must have intended for employment of the county engineer to be covered by the merit system established by Act 82-206. Further analysis supports this conclusion.
The overlap between Act 76-616 and Act 82-206 concerning employment of the county engineer creates an ambiguity or uncertainty as to what employment status the legislature intended the county engineer to have. The earlier act not only specified conditions of employment for the county engineer, but also enumerated duties of the engineer, the role of the engineer in purchasing, and the requirement that the engineer be bonded, and allowed the Marshall County Commission to set the salary for the county engineer. §§ 12-16, Act 76-616. Most of these provisions do not conflict with Act 82-206. Because the earlier act enumerated no reasons or conditions necessary for the termination of the county engineer, other than a vote by the Marshall County Commission and approval by the Salary Commission, under Act 76-616 the engineer was an "at will" employee with no due process expectations in his employment. Act 82-206, however, grants the county engineer, and all other county employees not excepted under § 3, due process rights, as merit system employees, to a hearing and to an appeal process, in order to ensure that any such employee is not terminated without cause. To resolve this ambiguity, we must ascertain and give effect to the intent of the legislature in enacting Act 82-206. John Deere Co. v. Gamble, 523 So.2d 95, 99 (Ala. 1988);Advertiser Co. v. Hobbie, 474 So.2d 93, 95 (Ala. 1985).
When possible, the intent of the legislature "must be gathered from the language of the statute itself, and only when the language of the statute is ambiguous or uncertain will the court resort to considerations of fairness or policy to ascertain the legislature's intent." Advertiser Co., supra, at 95. We must rely on these fairness and policy considerations to determine whether the legislature, in failing to exclude the county engineer from the merit system established by Act 82-206, intended to extend to the county engineer the due process protection of the merit system.
 "In deciding between alternative meanings to be given to an ambiguous or uncertain statutory provision, we will not only consider the results that flow from assigning one meaning over another, but will also presume that the legislature intended a rational result, one that advances the legislative purpose in adopting the legislation, that is 'workable and fair,' and that is consistent with related statutory provisions."
John Deere, supra, at 100 (citations omitted).
Clearly, the legislature, in enacting §§ 12-16 of Act 76-616, intended to create the position of county engineer, in order to ensure efficient administration of the construction and maintenance of the roads, *Page 432 
parks, bridges, and other public properties of Marshall County. The hiring and firing of the county engineer were placed in the hands of the Marshall County Commission. The termination of the county engineer by the Marshall County Commission, however, was subject to review by the Salary Commission. When the legislature specifically abolished the Salary Commission by enacting the repealer clause of Act 82-206, it eliminated this review by the Salary Commission. However, at the same time Act 82-206 abolished the Salary Commission, it also established the Personnel Board to regulate the employment of Marshall County employees and created a merit system of employment whereby the termination of any merit system employee was subject to due process protection — including a right to appeal the termination — and whereby termination had to be for just cause. Thus, the same act abolishing review by the Salary Commission of termination of the county engineer established review by the Personnel Board of the termination of any merit employee.
We note that Act 82-206, by creating a merit system for Marshall County employees, is similar to other civil service statutes passed by the Alabama legislature. "The purpose of civil service statutes is to provide stability, continuity, and security in the various job classifications within a municipality." Williams v. Ivey, 484 So.2d 468, 469
(Ala.Civ.App. 1985) (citation omitted). These statutes also ensure that protected employees are not discharged by local authorities for political reasons. See id.; Miller v. State, 249 Ala. 14, 22,29 So.2d 411 (1947).
The purpose of these laws is to promote efficiency of county government by providing to county employees rights guaranteeing stability, continuity, and security in their jobs. It would seem nonsensical for the legislature to pass an act providing stability, continuity, and security to all nonexcluded county merit system employees, without intending that a position as important to county government as the county engineer also be included in the merit employment system. The performance of the county engineer, as the individual primarily responsible for the construction and upkeep of public roads and other public properties within the county, bears directly on the efficiency of the county government. This conclusion is strengthened by the fact that the county engineer does not fit within any of the classes of county employees excluded from the merit system by § 3 of Act 82-206.
We hold that the Marshall County engineer is a merit system employee under Act 82-206, and that the conditions, duties, and responsibilities of his employment are governed by Act 76-616 insofar as they do not conflict with the status of the county engineer as a merit employee under Act 82-206. We need not address the other issues raised in this appeal, because they can be addressed more properly by the trial court on remand.
Based on the foregoing, we affirm that portion of the trial court's judgment holding that Act 82-206 does not repeal Act 76-616, but we reverse that portion holding that the employment of the Marshall County engineer is governed solely by Act 76-616; and we remand the cause for further consideration consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.