The Alabama Department of Revenue (Department) appeals from a judgment entered by the Montgomery Circuit Court, which held that Manderson Associates, Inc. (Manderson), and MGH Management, Inc. (MGH), were entitled to refunds of Alabama corporate income taxes paid for the years 1986, 1987, and 1988. For the years in question, Manderson and MGH were domestic Alabama corporations doing business primarily in Georgia.
Manderson and MGH requested a hearing before the administrative law judge (ALJ) after the Department had denied their petitions for refunds of corporate income taxes paid to Alabama for the 1986 tax year. The corporations alleged that they had erroneously been required to pay taxes on the same income to both Georgia and Alabama.
Following a hearing, the ALJ entered a recommended order wherein he found that Manderson and MGH were entitled to refunds by virtue of application of the Multi-state Tax Compact (Tax Compact) as found at §§ 40-27-1 through -6, Code 1975. The Tax Compact provides for the allocation and apportionment of income of taxpayers doing *Page 409 
business in more than one state in such a manner as to avoid duplicative taxation.
Pursuant to the Alabama Administrative Procedure Act, the ALJ's recommended order went to the Commissioner of the Department, who, upon review of the proceedings before the ALJ, entered a final order denying Manderson's and MGH's refund petitions. In ruling for the Department, the Commissioner took the position that the Tax Compact had not been enacted in Alabama. From the Commissioner's final order, Manderson and MGH filed a notice of appeal in the circuit court.
Prior to the hearing in the circuit court, the parties entered into a stipulation setting forth all relevant facts and the issues presented for review. It was agreed that the issues relating to the corporations' petitions for refunds of their 1986 taxes were identical to those relating to petitions they had filed for refunds of taxes paid for 1987 and 1988 as well. Consequently, the parties stipulated that the refund claims for the later two years would be resolved in accordance with the trial court's ruling on the 1986 taxes.
The case was submitted upon briefs and oral argument before the trial court on December 16, 1991. In an order entered on January 3, 1992, the trial court found that the case could be decided on the single question of whether the Tax Compact was in force and effect in Alabama and that, if so, the Department had admitted the taxpayers were entitled to a refund. The trial court then determined that the Tax Compact was in force and effect in this state. On the basis of this determination, the trial court held that Manderson and MGH were entitled to refunds of taxes for the years 1986, 1987, and 1988, based upon computation of their tax liability under the Tax Compact. After its motion for reconsideration was denied by operation of law, the Department appealed to this court.
The sole issue presented for review on appeal is whether the Multistate Tax Compact, as found at §§ 40-27-1 through -6, Code 1975, is in full force and effect in Alabama.
Art. I, § 10, cl. 3, of the Constitution of the United States provides that: "No state shall, without the consent of congress . . . enter into any agreement or compact with another State. . . ." (Compact Clause). The Multistate Tax Compact was created in 1966 to establish a uniform system for taxing multistate taxpayers and became effective in 1967 after various states had adopted it. The Alabama legislature, on September 6, 1967, adopted the Multistate Tax Compact as Act No. 395, Ala. Acts 1967. See Code 1940 (Recompiled 1958), Title 51, §§ 919-24 (Supp. 1973). Article XII of Act No. 395 included, inter alia, the following section:
 "Section 8. This act shall become effective upon its passage and approval by the Governor or its otherwise becoming a law and upon the passage and approval by the Congress of an act authorizing the various states to enter into such Multistate Tax Compact." (Emphasis added.)
The Governor of Alabama approved Act No. 395 subsequent to its passage by the legislature; however, no act authorizing the various states to enter into such a compact was ever approved by Congress.
In 1976 the U.S. Supreme Court held that an "agreement or compact" within the meaning of the Compact Clause which required the consent of Congress to be effective was limited to those "that are '[d]irected to the formation of any combination tending to the increase of political power in the states, which may encroach upon or interfere with the just supremacy of the United States.' Virginia v. Tennessee, 148 U.S. 503, 519
[13 S.Ct. 728, 734, 37 L.Ed. 537] (1893)." New Hampshire v. Maine,426 U.S. 363, 369, 96 S.Ct. 2113, 2117, 48 L.Ed.2d 701 (1976).
Shortly thereafter, in July 1976, a United States District Court in New York, citing Virginia v. Tennessee, and NewHampshire v. Maine, supra, held that the Multistate Tax Compact did not increase the political power of the party states, did not encroach upon or interfere with federal supremacy, and consequently did not require congressional approval. UnitedStates Steel Corp. v. Multistate Tax Comm'n, 417 F. Supp. 795
(S.D.N.Y. 1976) (U.S. Steel I). This holding was affirmed by the U.S. Supreme Court in United *Page 410 States Steel Corp. v. Multistate Tax Comm'n, 434 U.S. 452,98 S.Ct. 799, 54 L.Ed.2d 682 (1978) (U.S. Steel II), wherein the Court reviewed at length why the Multistate Tax Compact did not require congressional approval.
In 1977 by Act No. 20, § 4, Ala. Acts 1977, the Alabama legislature adopted the Code of Alabama 1975, the first official recodification since 1940. The new Code of Alabama, at §§ 40-27-1 to -6, contained the entire text of the Tax Compact but deleted § 8 of Act No. 395, which contained the necessity of Congressional approval before becoming effective. The 1977 act included a repealing provision, which states: "All statutes of a general and permanent nature not included in the CODE OF ALABAMA 1975, are repealed on the date on which such Code becomes operative and effective. . . ." (Emphasis in original.) Section 1-1-10, Code 1975, also provides that "all statutes of a public, general, and permanent nature, not included in this Code, are repealed."
The Department contends that § 8 of the 1967 Tax Compact act was not repealed by its exclusion from the 1977 recodification of the Alabama Code; that Congressional approval is still necessary; and that the Tax Compact is therefore not in effect in Alabama. The Department appears to argue that Act No. 20, § 4, Ala. Acts 1977, and § 1-1-10 are merely "general repealing clauses" and that because § 8 of the 1967 act is not expressly repealed by either provision or by language in §§ 40-27-1
through -6 of the 1975 Code, the repeal of § 8 could arise only by "implication." See Merrell v. City of Huntsville,460 So.2d 1248 (Ala. 1984). The repeal of a statute by implication, the Department points out, is not a favored rule of statutory construction in Alabama. Id.
In holding that the Tax Compact was in effect in this state, the trial court held that, by adopting the 1975 Code, the legislature repealed the portion of the original legislation limiting its effective date and that the Tax Compact had been enacted by its own terms.
We agree. The 1977 recodification of the Alabama Code contained absolutely no condition to the immediate effectiveness of the Tax Compact. The absence of such conditional language evidences clear legislative intent that the Tax Compact be enacted in 1977 and not be contingent upon Congressional approval. We find that the legislature clearly, and not by implication, repealed the Congressional approval requirement of the 1967 act by excluding it in the 1975 recodification of the Alabama Code.
The Department contends in its brief that "[p]erhaps the most compelling argument that the Multistate Tax Compact is not in force and effect in Alabama" is found in the U.S. Supreme Court's opinion in U.S. Steel II, supra, which listed 21 states that were members of the Multistate Tax Compact. Alabama's absence from this list, the Department argues, is compelling evidence that the Tax Compact is not in force in this state. However, we note that, when U.S. Steel I was decided by the U.S. District Court in 1976, the opinion stated that the "plaintiffs argue . . . that only twenty-one states have joined. . . ." U.S. Steel I at 802. We find that the apparent subsequent listing of these states by the U.S. Supreme Court in affirming that 1976 case cannot in any way be construed as meaning that Alabama had not enacted the Tax Compact in 1977. Also, the Supreme Court's holding in U.S. Steel II addressed specifically the constitutionality, without Congressional approval, of the Multistate Tax Compact under U.S. Const. art. I, § 10, cl. 3.
We also note that in State v. Chesebrough-Ponds, Inc.,441 So.2d 596 (Ala.Civ.App.), rev'd on other grounds,441 So.2d 598 (Ala. 1983), this court acknowledged the enactment of the Tax Compact in Alabama and utilized the definition of the term "business income" as found in the Tax Compact in order to define the term "net income . . . from business done" as it appeared in § 40-18-35, Code 1975. Later in Burton Mfg. Co. v.State, 469 So.2d 620 (Ala.Civ.App. 1985), this court again acknowledged that Alabama had adopted the Tax Compact and quoted language and definitions from § 40-27-1, Code 1975. InBurton our supreme court denied certiorari review. *Page 411 
In view of the aforesaid, we hold that the Multistate Tax Compact has been in full force and effect in Alabama since the effective date of the recodification of the Alabama Code in 1977.
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.