SENTELL, Clerk.
RULES 18 and 19, ALABAMA RULES OF JUDICIAL ADMINISTRATION MAGISTRATES — UNIFORM TRAFFIC INFRACTIONS
Judge T. M. Smallwood, Jr., Presiding Judge of the Municipal Court of the City of Birmingham, refers me to Paragraph 7 of the Notice on the back of the uniform traffic ticket and complaint and to Section No. 45-27(c), Birmingham City Code, and requests my opinion on the following questions:
Are improper lights, whether they be headlights, brake lights, etc., moving violations or are they equipment violations? And, if they can be voided under municipal ordinance previously cited?
And thirdly, if these are voidable equipment violations, must a person be referred to court for the third or subsequent violations within twelve months even if he has had these lights repaired within the allowable time with a recommendation that the ticket be voided?
Section 12-2-19(d), Code of Alabama 1975, authorizes the Clerk of the Supreme Court to “give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the supreme court to any other officer or official of the state who shows a need for such opinion and requests the same.”
I. A moving violation is a traffic offense which can occur only when the vehicle is in motion. See opinion of the Attorney General addressed to K. K. Holmes, Clerk of the Criminal Court of Jefferson County, January 5, 1976; Miller v. Texas Department of Public Safety, Tex.Civ.App., *673 375 S.W.2d 468; Rudd v. David, Mo., 444 S.W.2d 457. See also the definition of “moving traffic violation” in Section 32-5-313, Code of Alabama 1975.
Improper lights constitutes a traffic infraction for which a fine is prescribed in Rules 18(A)(4) and 19(B)(2)(a). Improper lights is listed as an offense in the uniform traffic ticket and complaint.
Rule 19(D) of the Alabama Rules of Judicial Administration is as follows:
“(D) Declaration of Approval. — The uniform traffic ticket and complaint, which is attached hereto and marked as Attachment One to this rule, is hereby approved and declared to be sufficient for each of the offenses listed therein.”
It is my opinion that the traffic offense designated as improper lights in Rules 18 and 19 of the Alabama Rules of Judicial Administration and listed in the uniform traffic ticket and complaint is not a moving violation but is an equipment violation.
Motion of vehicle is not a necessary element of the offense. This is apparent when the offense of improper lights is compared with some of the other violations for which fines are prescribed in Rules 18 and 19 and which are listed in the uniform traffic ticket and complaint, such as “driving on wrong side of road,” “failure to yield right-of-way,” “following too closely,” “running red light,” “running stop sign,” and “speeding.”
The essence of the offense of improper lights is a failure to have the vehicle equipped with proper lights.
II. Paragraph 7 of the notice on back of the uniform traffic ticket and complaint reads as follows:
“7. Local Municipal Police Issued Tickets Only:
For minor equipment violations, local ordinances may allow you to have the equipment repaired and inspected within 72 hours, excluding Sundays and legal holidays, and present your citation to any law enforcement officer. This officer, after inspection of your vehicle, may recommend that your citation be voided by signing below. You must then deliver or forward the citation to the clerk of court at the address on the front of this ticket.”
The offense designated as improper lights is a minor misdemeanor under the provisions of Rules 18 and 19.
Section No. 45-27(c) of Birmingham City Code reads as follows:
“(c) Defective Equipment.
Any person who has received a citation for driving a vehicle with defective headlights, brake lights, taillights or tag lights may avoid the payment of any penalty therefor by having the equipment repaired and inspected by any police officer of the city within seventy-two hours after receiving the citation. Upon such inspection, if the officer ascertains that the equipment is in good repair, he may make a written recommendation on the citation that the citation be voided. Any such citation presented to the magistrate on or before the date marked for court appearance shall be voided.”
The conditions for voiding a citation for minor equipment violations under a local ordinance, as stated in Paragraph 7, are essentially the same as stated in Section 45-27(c), Birmingham City Code, for voiding a citation for driving a vehicle with defective headlights, brake lights, taillights or tag lights. Paragraph 7 recognizes the authority of a municipality to void a citation under the conditions stated. The last sentence in Section 45-27(c) of the Birmingham City Code states:
“Any such citation presented to the magistrate on or before the date marked for court appearance shall be voided.”
It is my opinion that a citation for improper lights may be voided under Section 45-27(c), Birmingham City Code.
III. The verb, “void,” means to cause to be of no validity or effect, nullify, annul. Webster’s Third New International Dictionary. A citation that is voided is of no effect.
It is my opinion that a person should not be referred to court for the third or *674 subsequent violation of improper lights if he has had these lights repaired within the allowable time with a recommendation that the ticket be voided.