John Kirby was terminated from employment with Mobile County for participating in a political campaign of a candidate for the Mobile County Commission. Kirby appealed his termination to the Mobile County Personnel Board for a de novo hearing. The personnel board upheld Kirby's termination. Kirby appealed the personnel board's decision to the Circuit Court of Mobile County. The circuit court entered an order affirming the personnel board's decision. Kirby appeals.
The parties entered into a "Joint Motion to Determine Issues on Appeal" and a "Stipulation of Facts." The pertinent facts concerning this appeal are simply that Kirby was employed by the Mobile County Road and Bridge Department and was terminated by the county for participating in the campaign of a candidate for county commission.
In discharging Kirby from employment, the county relied on the prohibitive language found in Personnel Board Rule 2 and § 17-1-7, Code 1975.
The pertinent provisions of Rule 2, which were enacted pursuant to the board's rule-making authority, Acts of Ala. 1939, Local Act No. 470, Regular Session, September 15, 1939, page 298, are as follows:
 "PROHIBITS POLITICAL ACTIVITIES. 2.2 No person in the Classified Service shall engage in any form of political activity calculated to favor or improve the chances of any political party or any person seeking or attempting to hold public or party office. No person in the Classified Service shall use his influence or official authority for the purpose of interfering with, or affecting the result of an election, and shall not participate in political management or political campaigns in connection therewith, whether then begun or merely anticipated, nor shall any person in the Classified Service *Page 449 
serve as a public election official in any general, special, primary or municipal election.
 "PROHIBITS POLITICAL ENDORSEMENT OR CONTRIBUTION. 2.3 No person in the Classified Service shall give or pay or promise to give or pay, directly or indirectly, any endorsement, assessment, subscription, or contribution, or political service, for any political purpose whatsoever, nor shall such person in the Classified Service solicit or take any part in soliciting any such endorsement, assessment, subscription, contribution, or political service. No person shall solicit any such endorsement, assessment, subscription, contribution, or political service of any employee in the Classified Service.
 "RIGHT TO VOTE. 2.5 Nothing contained in these rules or in the Act shall be construed as affecting the rights of classified employees to vote as they please and to express privately their opinions on all political subjects."
The primary focus of this appeal is Rule 2.2.
The provisions of § 17-1-7 date back to May 4, 1978, the effective date of Act No. 819, Ala. Acts 1978, Reg.Session. That act provided that "[a]ll laws or parts of laws in conflict with this Act are hereby repealed." The 1978 act was codified as § 11-80-6, which was later transferred to § 17-1-7. Section 17-1-7 was amended by Act 83-497, Ala. Acts 1983 (the "Equality of Citizenship Act"). As amended by that Act, § 17-1-7 now reads as follows:
 "(a)(1) No person in the employment of any city, whether classified or unclassified, shall be denied the right to participate in county and state political activities to the same extent as any other citizen of the state of Alabama, including endorsing candidates and contributing to campaigns of his choosing.
 "(2) No person in the employment of any county, whether classified or unclassified, shall be denied the right to participate in city and state political activities to the same extent as any other citizen of the state of Alabama, including endorsing candidates and contributing to campaigns of his choosing.
 "(3) No person in the employment of the state of Alabama, whether classified or unclassified, shall be denied the right to participate in city, county or state political activities to the same extent as any other citizen of the state of Alabama, including endorsing candidates and contributing to campaigns of his choosing, provided, however, any person within the classified service must comply with section 36-26-38.
 "(4) All persons in the employment of any city, county or state shall have the right to join local political clubs and organizations, and state or national political parties.
 "(5) All persons in the employment of any city, county or state shall have the right to publicly support issues of public welfare, circulate petitions calling for or in support of referendums, and contribute freely to those of his choosing."
This section provides that employees of any city or county shall not be denied the right to participate in political activities to the same extent as any other citizen, except they are prohibited from engaging in political activities involving the same level of government in which they are employed.
In an effort to reconcile the conflict between § 17-1-7 and the board's Rule 2, the personnel board provided in its "Employee Manual" the following:
"POLITICAL ACTIVITY
"Q. Is political activity prohibited?
 "A. While in the past Personnel Board Rules prohibited political activity, the Alabama Legislature passed a Bill in 1978 which grants our Merit System employees the right to participate in political activity when it concerns a jurisdiction other than the one for which they work. For instance, a City employee may engage in County and State political activities, but not City; a County employee may engage in City and State political activities, but not County."
Also, prior to the 1988 general election, the election in issue here, the personnel *Page 450 
board issued "Bulletin No. 144," which provided the following:
 "Senate Bill 608, commonly referred to as the Political Freedom Act of 1978, simply extended political activity privileges to COUNTY employees insofar as State and City elections are concerned; CITY employees insofar as County and State elections are concerned; and STATE employees as concerns City and County elections. Merit System employees are still FIRMLY prohibited from engaging in the political affairs of the jurisdiction in which they are employed."
Copies of the bulletin were placed on two bulletin boards where Kirby worked. Kirby also received a personal copy.
Kirby asserts that Rule 2 is void and unenforceable as being contrary to state law and that the rule, as written, is overbroad because, he says, it prohibits certain political activities which are allowed under § 17-1-7 and Ala. Const. art. I, § 4.
Initially, Kirby contends that Rule 2 is facially invalid because, he says, it was repealed by § 17-1-7.
When provisions of a general law are repugnant to provisions of a previously enacted special law, applicable to a particular locality only, passage of the general law does not operate to repeal the special law unless repeal is provided for by express words or arises by necessary implication. Vaughn v. Moore,379 So.2d 1240 (Ala. 1980).
The repealing clause here is a general repealing clause. There is no express reference to any conflicting or inconsistent enactments. Our supreme court has held that a general repealing clause to the effect that all conflicting or inconsistent enactments are repealed "is in legal contemplation a nullity." Sand Mountain Bank v. Albertville National Bank,442 So.2d 13, 19 (Ala. 1983).
 " 'Such a general repealing clause . . . does not operate as a repeal of any of the provisions of the [previous act], unless in conflict therewith. . . . If, therefore there is a repeal, it is by implication, and it is well established that repeal by implication is never favored by the court.' "
Sand Mountain Bank v. Albertville National Bank, supra, at 19, quoting Ex parte Jones, 212 Ala. 259, 261, 102 So. 234, 235
(1924).
The degree of conflict required between two statutes in order to declare that one repeals the other by implication is that of irreconcilability. City of Tuscaloosa v. Alabama RetailAssociation, 466 So.2d 103 (Ala. 1985). If, under a reasonable construction, it is possible to reconcile the acts, both will be given effect. Sand Mountain Bank v. Albertville NationalBank, supra. "This is said to be preferable to repeal by implication." City of Tuscaloosa v. Alabama Retail Association,supra.
Kirby argues that the personnel board's restriction concerning political activities "indicates an irreconcilable inconsistency" with § 17-1-7. We disagree. We find that Rule 2 and § 17-1-7 can be reconciled and a field of operation given to each. In fact, we find this reconciliation to be evidenced by the board's excerpt in its "Employee Manual" and by "Bulletin No. 144." Accordingly, we agree with the circuit court and determine that those provisions of Rule 2 which are in direct conflict with § 17-1-7 are expressly repealed, and those provisions which can be reconciled — i.e., the personnel board's ability to lawfully prohibit employees from participating in political activities involving the same political subdivision in which they are employed — shall remain in full force and effect.
Kirby next contends that Rule 2 is facially invalid because it is overbroad in that it prohibits certain political activities which are guaranteed under Ala. Const. art. I, § 4, and protected by § 17-1-7.
Regulations and statutes are void for overbreadth if their object is achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms. Ross NeelyExpress, Inc. v. Alabama Department of EnvironmentalManagement, 437 So.2d 82 (Ala. 1983). One who challenges a statute as being unconstitutionally overbroad must be *Page 451 
directly affected by the statute's alleged overbroad aspects.State v. Woodruff, 460 So.2d 325 (Ala.Crim.App. 1984). Kirby contends that he is directly affected by the rule's overbreadth in that his First Amendment freedoms are unquestionably involved in that Rule 2 has the effect of inhibiting speech and conduct guaranteed by Ala. Const. art. I, § 4, and protected by Ala. Code 1975, § 17-1-7.
In the instant case, Kirby was dismissed for actively participating in the campaign of a candidate for the Mobile County Commission while employed by the county. Section 17-1-7 simply does not circumscribe the ability of the county or the personnel board to limit or restrict the participation of county employees in county politics or political activities. Without question, Kirby's political activities fall squarely within the area of political involvement and participation prohibited by Rule 2 and left untouched by § 17-1-7. In view of the limiting construction placed on Rule 2 by the personnel board, a construction consistent with § 17-1-7, Kirby's overbreadth challenge must fail. See Broadrick v. Oklahoma,413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Furthermore, we find that because Kirby's rights have not been adversely affected by the features of the rules he alleges to be overbroad, he lacks standing to challenge the alleged overbreadth of the rule. See Broadrick, supra; State v.Woodruff, supra.
Kirby's insistence that he has standing to raise the overbreadth challenge because "there is an exception to the usual standing requirement in cases where a statute or rule tends to 'chill' the constitutional free speech or expression of others in violation of the first amendment" similarly must fail. In order to prevail, Kirby must demonstrate that there is a realistic danger that the rule will significantly compromise recognized First Amendment protections of parties not before the court. He must demonstrate that the overbreadth of the rule is not only real, but substantial as well. City Council of theCity of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789,104 S.Ct. 2118, 80 L.Ed.2d 772 (1984). Here, Kirby has shown no realistic danger that the personnel board has utilized or will utilize Rule 2 to invade the area of political activities guaranteed under Ala. Const. art. I, § 4, and protected by § 17-1-7. In fact, the limited construction placed on Rule 2 by the personnel board suggests that the board has no intentions of invading the area of protected freedoms.
Finally, Kirby asserts that Rule 2 was applied to him in a manner that violated his rights under § 17-1-7.
As evidenced from the foregoing discussion, the personnel board clearly had the authority to prohibit Kirby, a county employee, from participating in county politics. The record also shows that Kirby knew that he was prohibited from participating in county politics prior to his doing so. Therefore, the provisions of Rule 2 were not applied to him in a manner inconsistent with the rights afforded him under § 17-1-7.
The decision of the circuit court in affirming the personnel board's decision to terminate Kirby because of his participation in a political campaign for a county position is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.