We granted certiorari review to determine whether City of Mobile Ordinance No. 39-54 is unconstitutionally broad and, if not, then whether Robert Battles, Jr., was properly convicted for violating that ordinance. That ordinance reads: "(a) It shall be unlawful and an offense against the city for any person to fail to obey the direction or order of a member of the police department of the city while such member is acting in an official capacity in carrying out his duties."
Robert Battles, Jr., was charged with failure to obey an order of a police officer; disorderly conduct; and resisting arrest. He was convicted in the Mobile Municipal Court of resisting arrest and failing to obey an order. He appealed to the circuit court, where he was convicted only of failing to obey an order; for that conviction he was fined $250 plus court costs. Battles appealed to the Criminal Court of Appeals, arguing, among other things, that Ordinance No. 39-54 is unconstitutional, both facially and as applied to his case. The Court of Criminal Appeals held that Battles lacked standing to challenge the constitutionality of the statute; it also rejected his other arguments and affirmed his conviction. Battles v. City of Mobile,771 So.2d 498 (Ala.Crim.App. 1998).
Battles argues that Ordinance No. 39-54 is unconstitutionally broad because, *Page 505 
he says, there is no limit to its scope. Battles's argument on this point is not persuasive. The ordinance is in fact limited in scope; it restricts itself to any order made by an officer "acting in an official capacity in carrying out his duties." An officer can give only lawful orders if he is acting in his official capacity. If an officer's order is unlawful, then, in giving the order, the officer is no longer acting within his official capacity. Thus, Ordinance No. 39-54 is not overly broad. Even though the ordinance is not overly broad, Battles's conviction is due to be reversed because, we conclude, the evidence indicates that he did not refuse to obey a lawful order.
The Court of Criminal Appeals summarized the facts indicated by the record:
 "[O]n February 22, 1997, [at approximately 10:30 p.m.,] City of Mobile Police Officers James Graham and Michael Womack were patrolling [Battles's] neighborhood . . . . [The officers were in the neighborhood because a prowler had been reported in the area.] Officer Womack passed a vehicle proceeding without its headlights on and with a severely cracked windshield. Officer Womack made a U-turn and watched the car back into a yard. . . . Officer Womack [pulled into the driveway and] saw [the driver, Battles,] get out of the vehicle and approach the door to the house. Standing in front of his car, Officer Womack asked [Battles] to come to his car [to] answer questions regarding his headlights. . . . [Battles], using profanity, responded by saying that he was in his yard and that he did not have to answer any questions. Officer Womack asked [Battles] three or four times to answer some questions, but [Battles] continued to insist that he did not have to answer any questions and continued to use profanity. Officer Womack approached [Battles] and reached for [his] arm. [Battles] began twisting and turning, pulling away from Officer Womack's grasp. Officer Graham arrived at the scene; he told Officer Womack to `clear' and then sprayed [Battles with pepper spray. Battles then ran into his house.] Officer Graham followed him into the house, again attempting to spray him, filling the house with pepper spray. . . . [B]ackup officers arrived at the scene, and [Battles] was arrested and charged with failure to obey an order, disorderly conduct, and resisting arrest."
771 So.2d at 501-02.
Although Officer Womack was well within his authority in stopping to ask Battles about driving a vehicle on a public street, at night, without his headlights on, the question is whether Battles failed to obey a lawful order. Under the facts and circumstances of this case, we conclude that Battles did not fail to obey "the direction or order of a member of the police department of the city while such member [was] acting in an official capacity in carrying out his duties." Officer Womack attempted to ask Battles some questions regarding his headlights. Battles did not answer, but, because of the protections against self-incrimination (see U.S. Const., amend. V, and Ala. Const. of 1901, art. I, § 6), he was not legally obligated to answer.
Officer Womack, had he chosen to do so, could have arrested Battles for driving without his headlights on, because Officer Womack had seen Battles driving the vehicle on a public street, at night and without headlights on. Even though Battles was not under arrest when Officer Womack asked Battles to come to the car and answer some questions, and even though Officer Womack had not yet informed Battles of his constitutional right to remain silent, Battles was not required to answer questions. See Ex parte Marek,556 So.2d 375 (Ala. 1989) ("the right to remain silent is effective . . . regardless of whether the accused is advised of that right"). After Battles refused to answer Officer Womack's questions regarding his headlights, Officer Womack's continued attempts to *Page 506 
question Battles regarding his headlights did not convert his inquiries into an "order" requiring Battles to answer. Because Officer Womack had seen Battles driving with no headlights, he did have the authority to ask to see Battles's driver's license; however, he did not ask to see it. If Officer Womack had asked to see Battles's driver's license and if Battles had refused the request, Officer Womack would have been authorized to arrest him for failing to obey a lawful order. But Officer Womack did not ask to see Battles's driver's license. The facts of this case do not show that Battles failed to obey a lawful order. Thus, his conviction is due to be reversed, and he is entitled to a judgment of acquittal on the charge of failing to obey an order of a police officer.
The judgment of the Court of Criminal Appeals is reversed, and a judgment is rendered for the defendant.
REVERSED AND JUDGMENT RENDERED.
HOOPER, C.J., and HOUSTON, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
SEE, J., concurs in the result.
BROWN, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.