RUSSELL, Judge.
This action arose as a result of a sale by Jones Manufacturing Company, Inc. (appel-lee), a domestic corporation, of its corporate stock to another corporation. That *207 transaction was treated as a sale of assets under the Internal Revenue Code. As a result, no gain or loss was required to be reported for federal or state tax purposes. See 26 U.S.C.A. § 337 (West 1988); § 40-18-8(j), Ala.Code 1975. However, certain depreciation was recaptured and reported by the appellee on its federal tax return. See 26 U.S.C.A. § 1245 (West 1988). The Department of Revenue (Department) then informed the appellee that such depreciation must also be recaptured and reported in the appellee’s state tax return. The appellee then filed an amended state return and sought a refund of corporate income tax for the short tax year ending July 12, 1984.
The Department denied that request, and the appellee sought an administrative hearing pursuant to §§ 41-22-1 through -27, Ala.Code 1975. Following that hearing, the administrative law judge recommended that the petition be denied. A final order denying the appellee’s petition for refund was issued by the Department’s commissioner on January 28, 1988.
The appellee then filed an appeal to the Circuit Court of Jefferson County pursuant to § 41-22-20, Ala.Code 1975. The circuit court had before it the record from the administrative hearing, as well as the pleadings and briefs of the parties. On January 2, 1990, the circuit court reversed the decision of the Department and entered a judgment in favor of the appellee in the amount of $31,156.91.
Following a denial of its motion for new trial, the Department filed this appeal. We reverse.
The dispositive issue on appeal is whether depreciation must be recaptured for purposes of the appellee’s state income tax return, notwithstanding the applicability of the non-recognition provisions of § 40-18-8(j).
That section, which is virtually identical to its federal counterpart, provides that no gain or loss shall be recognized on the sale or exchange of property within twelve months after adoption of a plan of complete liquidation. It is undisputed that the appellee’s sale of its assets falls within the purview of this statute.
For purposes of federal income tax, §§ 1245 and 1250 of the Internal Revenue Code mandate that depreciation must be recaptured as ordinary income upon the sale or other disposition of the subject asset. These sections have been interpreted as requiring recapture despite the non-recognition provisions of 26 U.S.C. § 337. See Brigham v. United States, 539 F.2d 1312 (3d Cir.1976).
Similarly, Alabama law provides corporations such as the appellee “a reasonable allowance for the exhaustion, wear and tear of property used in a trade or business_” § 40-18-35(6), Ala.Code 1975. However, the Code fails to set forth guidelines regarding the amount or method by which such depreciation shall be determined. Nevertheless, the Department is granted the authority by § 40-18-57, Ala. Code 1975, to promulgate reasonable rules and regulations necessary for ascertaining gains and income for state tax purposes.
Pursuant to that grant of authority, the Department adopted regulation 810-3-15-.05, which provides that depreciation shall be computed “in the same manner and subject to the same limitations as provided for federal tax returns.” It further mandates that federal law shall apply to the recapture of such depreciation.
While the legislature mandated that corporations and individuals be afforded a reasonable allowance for depreciation, it did not dictate the mechanism for computing the amount and recapture of that depreciation. However, as we have stated, the legislature authorized the Department to adopt guidelines pursuant to § 40-18-57, Ala.Code 1975. Consequently, we must now review the reasonableness of the regulation adopted by the Department regarding depreciation and its recapture. Brown & Root Development, Inc. v. Tennessee Valley Authority, 681 F.2d 1313 (11th Cir. 1982).
In the instant case, the Department was charged with the responsibility of issuing regulations implementing the statute regarding an allowance for depreciation. We *208 do not find that the measure requiring the appellee to recapture such depreciation exceeds the legislative grant of authority to the Department. Nor do we conclude that such a measure frustrates the legislature’s intent to treat gain from the sale of all corporate assets as non-taxable. Rather, we find that the Department’s regulation requiring recapture is a reasonable exercise of its authority to adopt such provision.
It does not, in our opinion, make gain from the sale of the assets involved a taxable transaction. Recapture merely treats as income depreciation in excess of straight-line depreciation which is taken by the seller prior to a total depreciation of the asset. A result is that the recaptured amount must be added back to the seller’s previously adjusted basis. 26 U.S.C.A. § 1245. While this may have the effect of decreasing any gain from the sale, it does not, in our opinion, make that gain taxable.
Finally, we note that § 40-18-35 has twice been recodified without change. Such reenactment without change is indicative of the legislature’s approval of the method by which the statute has been interpreted and administered. Kruse v. Hampton, 394 F.Supp. 764 (S.D.Ala.1974), aff'd, 513 F.2d 1231 (5th Cir.1975).
Accordingly, we find that the appellee was due no refund as a result of declaring recaptured depreciation in its state income tax return. Therefore, we reverse the decision of the circuit court and remand for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
INGRAM, P.J., concurs.
ROBERTSON, J., concurs in the result only.