589 So.2d 208 (1991)
Ex Parte JONES MANUFACTURING COMPANY, INC.
(Re STATE DEPARTMENT OF REVENUE v. JONES MANUFACTURING COMPANY, INC.
1900489.
Supreme Court of Alabama.
August 16, 1991.
*209 Ben F. Hayley and Norman P. Snell of Trimmier and Associates, P.C., Birmingham, for petitioner.
Ron Bowden, Chief Counsel, and Mark D. Griffin, Asst. Counsel, Revenue Dept., and Asst. Attys. Gen., for respondent.
Christopher R. Murvin and George M. Vaughn of Tingle, Sexton, Murvin, Watson & Bates, Birmingham, for amicus curiae Masada Communication, Inc.
ALMON, Justice.
The opinion of the Court of Civil Appeals, 589 So.2d 206, sufficiently sets forth the facts of this case. The question presented is whether that court erroneously decided a question of first impression, that is, whether a taxpayer corporation that is not subject to recognition of a gain upon the sale of its assets is nevertheless subject to Alabama income tax based upon recapture of depreciation.
Alabama Code 1975, § 40-18-8(j),[1] reads:
"Gain or loss on sales or exchanges in connection with certain liquidations. The amount of gain or loss recognized by a corporation on the sale or exchange of property shall be determined in accordance with 26 USC 337, as in effect from time to time, if every requirement for the application of said 26 USC 337 is satisfied."
The referenced section of the Internal Revenue Code ("I.R.C."), 26 U.S.C. § 337, reads, in pertinent part:
"(a) General Rule.If, within the 12-month period beginning on the date on which a corporation adopts a plan of complete liquidation, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period."
Thus, by adopting I.R.C. § 337 through § 48-18-8(j), the Alabama legislature has provided that corporations distributing all of their assets in a complete liquidation shall not recognize any gain on the sale of the assets. It is undisputed in this case that the sale of all of the stock of Jones Manufacturing Company to another corporation was a complete liquidation within the meaning of I.R.C. § 337 and that Jones Manufacturing complied with all of the requirements of that section so as to avoid the recognition of any gain. See also I.R.C. § 338 and Ala.Code 1975, § 40-18-8(k) (1990 Supp.; formerly § 40-18-8(l)).
Section 1245 of the I.R.C., however, requires a federal taxpayer to recognize a *210 gain on the disposition of certain depreciable property; this recognition of gain is known as "recapture of depreciation." For example, if the fair market value of the property exceeds the depreciated basis, that difference is treated as a gain recognized upon the disposition of the property, and is taxed accordingly. § 1245(a)(1)(B)(ii). Section 1245(a)(1) provides that "Such gain shall be recognized notwithstanding any other provision of this subtitle." Sections 337 and 1245 are both part of I.R.C. Subtitle A, "Income Taxes." Therefore, § 1245 requires the recognition of gain known as recapture of depreciation notwithstanding the provision of § 337 that no gain shall be recognized upon a complete liquidation.
Jones Manufacturing owned depreciated assets that were subject to recapture of depreciation, and on its federal income tax return for 1984 it paid taxes on the gain recognized pursuant to § 1245. On its Alabama income tax return, however, it claimed a refund of estimated taxes that had been paid. The Department of Revenue disallowed a portion of the refund, based on its position that Jones Manufacturing was required to recapture the depreciation on the state return as it had on its federal tax return.
Alabama Code 1975, § 40-18-35(6), allows, as a deduction from corporate income for income tax purposes, "[a] reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." To implement that section, the Department has adopted its Regulation 810-3-15-.05, "Depreciation." Paragraphs (8) and (9) of that regulation provide that depreciation computed according to the declining balance method, the sum of the years digits method, or the accelerated cost recovery system, "in the same manner and with the same limitations as provided for federal income tax returns, will be considered a `reasonable allowance'" within the meaning of § 40-18-35. Paragraph (10) then provides:
"The phrase `in the same manner and subject to the same limitations as provided for federal income tax returns' used in paragraphs (8) and (9) above shall apply to, but will not be limited to, recapture of depreciation on property placed in service on or after January 1, 1981."
The Department contends that it has adopted federal depreciation methods as an interlocking system, and that recapture of depreciation is a necessary part of that system and must be implemented along with the depreciation expense deduction. That argument is probably valid for ordinary sales of depreciated property. The problem here occurs because the legislature has statutorily adopted I.R.C. § 337, which prevents the recognition of a gain on a complete liquidation or a sale of all assets, and because recapture of depreciation, in the very terms of I.R.C. § 1245, is a recognition of gain. The Alabama legislature has not, however, statutorily adopted I.R.C. § 1245, so the portion thereof that allows recapture of depreciation notwithstanding the nonrecognition provision of I.R.C. § 337 has not been statutorily adopted in this state.
The provisions of a statute will prevail in any case of a conflict between a statute and an agency regulation. Ex parte State Dep't of Human Resources, 548 So.2d 176 (Ala.1988). An administrative regulation must be consistent with the statutes under which its promulgation is authorized. Ex parte City of Florence, 417 So.2d 191 (Ala.1982). An administrative agency cannot usurp legislative powers or contravene a statute. Alabama State Milk Control Bd. v. Graham, 250 Ala. 49, 33 So.2d 11 (1947). A regulation cannot subvert or enlarge upon statutory policy. Jefferson County Bd. of Ed. v. Alabama Bd. of Cosmetology, 380 So.2d 913 (Ala.Civ.App.1980). Regulation 810-3-15-.05(10) therefore cannot override Ala. Code 1975, § 40-18-8(j).
The Department asserts that Ala.Code 1975, § 40-18-57, gives it statutory authority for its application of recapture principles to this complete liquidation. Section 40-18-57 reads:
"The department of revenue shall from time to time, as said department shall *211 deem desirable, promulgate such reasonable rules and regulations governing procedure and methods of ascertaining and determining gains and income so as to conform as nearly as possible to the best accounting practice in every trade or business and as most clearly reflecting the income therefrom."
This general grant of regulatory authority, however, cannot override the specific provision of § 40-18-8(j), which, by adopting I.R.C. § 337, has specifically provided that a taxpayer corporation shall not be required to recognize a gain upon the sale of all its assets.
If we were to accept the Department's contention that § 40-18-57 gives it the authority to override § 40-18-8(j), a conflict between the two statutes would be created. Statutes should be construed together so as to harmonize the provisions as far as practical. Siegelman v. Folmar, 432 So.2d 1246 (Ala.1983). In the event of a conflict between two statutes, a specific statute relating to a specific subject is regarded as an exception to, and will prevail over, a general statute relating to a broad subject. Murphy v. City of Mobile, 504 So.2d 243 (Ala.1987); Bouldin v. City of Homewood, 277 Ala. 665, 174 So.2d 306 (1965). We do not see a conflict between § 40-18-57, which generally gives the Department authority to make regulations concerning gains and incomes, and § 40-18-8(j), which specifically adopts the federal law that a taxpayer corporation does not recognize a gain upon a sale of all assets. The former does not authorize the Department to violate the latter. Even if a conflict were found, the latter statute would govern as to its specific field of operation.
For the foregoing reasons, we hold that the Court of Civil Appeals erred in holding that Jones Manufacturing was required to report a gain in the nature of recapture of depreciation upon the sale of all of its stock.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.
STEAGALL, J., dissents.
INGRAM, J., recused.
HOUSTON, Justice (concurring specially).
I concur.
I write only to address the last point made in the opinion of the Court of Civil Appeals:
"Finally, we note that § 40-18-35 has twice been recodified without change. Such reenactment without change is indicative of the legislature's approval of the method by which the statute has been interpreted and administered."
I cannot agree that reenactment without change is any more indicative of legislative intent than is failure to enact legislation; and I agree with Justice Scalia, who, in his dissent in Johnson v. Transportation Agency, 480 U.S. 616, 107 S.Ct. 1442, 1473, 94 L.Ed.2d 615 (1987), wrote:
"[O]ne must ignore rudimentary principles of political science to draw any conclusions regarding that intent from the failure to enact legislation. The `complicated check on legislation,' The Federalist No. 62, p. 378 (C. Rossiter ed. 1961), erected by our Constitution creates an inertia that makes it impossible to assert with any degree of assurance that congressional failure to act represents (1) approval of the status quo, as opposed to (2) inability to agree upon how to alter the status quo, (3) unawareness of the status quo, (4) indifference to the status quo, or even (5) political cowardice."
There is substantially that same complicated check on legislation in the Legislature of Alabama as in the Congress of the United States, with the exception that the Legislature of Alabama is never guilty of "political cowardice."
STEAGALL, Justice (dissenting).
I respectfully dissent. I believe that the regulation of the Department of Revenue requiring recapture of depreciation upon the sale of property is a reasonable exercise of the authority granted the Department *212-218 by the Legislature. I would not reverse the judgment of the Court of Civil Appeals.
NOTES
[1] This version of § 40-18-8(j) was not in effect at the time of the 1984 tax year in question, see Acts 1985, No. 85-515, § 7. However, it has consistently been treated by the parties and the lower courts as being applicable, and the State does not even now argue that any other provision should be applicable to the tax return in question. Therefore, we shall consider the quoted provision as being applicable, under the doctrine of the law of the case. Louisville & N. R.R. v. Atkins, 435 So.2d 1275, appeal after remand, 440 So.2d 559 (Ala.1983).