MOORE, Judge.
 

 This is a corporate-income-tax case. The facts are undisputed. Jim Beam Brands Company, Inc., is a multistate corporation doing business in Alabama. Jim
 
 *859
 
 Beam filed amended Alabama corporate tax returns for the 1993 and 1994 tax years. In those amended returns, Jim Beam claimed additional interest-expense deductions attributable to its Alabama business activities. After auditing those amended returns, the Alabama Department of Revenue (“the Department”) disallowed the interest-expense deductions claimed by Jim Beam, asserting that Jim Beam had incorrectly apportioned its interest-expense deductions to Alabama. The Department claimed that Jim Beam had incorrectly used the “gross-income-ratio” formula, pursuant to the version of § 40-18-35(a)(2), Ala.Code 1975, in effect in 1993 and 1994, when Jim Beam should have apportioned its interest-expense deductions to Alabama using the three-factor formula set forth in the version of Regulation 810-3-31-.02, Ala. Admin. Code (Dep’t of Revenue), in effect in 1993 and 1994.
 
 [1]
 
 Based on its decision to disallow Jim Beam’s deductions, the Department assessed a total of $18,077.43 against Jim Beam for the 1993 and 1994 tax years.
 

 Jim Beam appealed the assessment to the Department’s Administrative Law Division, and the appeal was assigned to an administrative law judge (“ALJ”). The ALJ issued an opinion and preliminary order, upholding the Department’s assessment based on the disallowance of Jim Beam’s interest-expense deductions. The ALJ’s preliminary order was made final on May 19, 2004.
 

 Jim Beam appealed the ALJ’s final order to the Montgomery Circuit Court on June 11, 2004. On April 29, 2008, the Montgomery Circuit Court reversed the ALJ’s final order and entered a judgment in favor of Jim Beam, concluding that Jim Beam had properly calculated its interest-expense deductions pursuant to § 40-18-35 and that the Department had improperly elevated an agency regulation over a statute. The Department appeals from the judgment of the Montgomery Circuit Court. We affirm the judgment of the circuit court.
 

 Standard of Review
 

 In
 
 Bean Dredging, L.L.C. v. Alabama Department of Revenue,
 
 855 So.2d 513 (Ala.2003), the Alabama Supreme Court thoroughly set out an appellate court’s standard of review in appeals from administrative proceedings before the Department:
 

 “The circuit court reviews de novo an order of an administrative law judge in the State Department of Revenue; however, the order is presumed prima facie correct and the burden is on the appealing party to show otherwise. § 40-2A-9(g)(2), Ala.Code 1975.
 

 “[The appellate court’s] standard of review is different from that applied by the circuit court in reviewing an administrative law judge’s order. When reviewing a ease in which the trial court sat without a jury and heard evidence in the form of stipulations, briefs, and the writings of the parties, [an appellate] court sits in judgment of the evidence; there is no presumption of correctness.
 
 Old Southern Life Ins. Co. v. Williams,
 
 544 So.2d 941, 942 (Ala.1989);
 
 Craig Constr. Co. v. Hendrix,
 
 568 So.2d 752, 756 (Ala.1990). When [an appellate] court must determine if the trial court misapplied the law to the undisputed facts, the standard of review is de novo, and no presumption of correctness is given the decision of the trial court.
 
 State Dep’t of Revenue v. Garner,
 
 812
 
 *860
 
 So.2d 380, 382 (Ala.Civ.App.2001); see also
 
 Ex parte Graham,
 
 702 So.2d 1215 (Ala.1997).”
 

 855 So.2d at 516-17. In this case, the circuit court based its decision entirely upon the briefs and arguments of the parties’ attorneys and the record of the proceedings before the ALJ. Thus, we must sit in judgment of the evidence, and the circuit court’s ruling carries no presumption of correctness. We also note that the ALJ’s decision was also based entirely upon the arguments of the parties’ attorneys, because the facts before it were undisputed.
 

 History of § I0-18-35(a)(2), Ala.Code 1975, and the Gross-Income-Ratio Formula
 

 As early as 1935, Alabama’s corporate-income-tax scheme allowed corporations an interest deduction using a formula referred to as the “gross-income-ratio” formula or the “gross-receipts” formula.
 
 See
 
 Ala. Acts 1935, Act No. 194, § 345.28; and Ala. Acts 1939, Act No. 399. Although the deduction allowed to corporations for their interest expenses was recodified numerous times in the intervening years, as of 1993 and 1994 the deduction was codified at § 40-18-35, Ala. Code 1975. That statute, entitled “Deductions allowed to corporations generally,” provided, in pertinent part:
 

 “(a) ... In computing the net income of foreign corporations doing business in this state subject to the tax imposed by Section 40-18-31, there shall be allowed as deductions the items described in the following numbered subdivisions of this section, but only if, and to the extent that, such items are referable to or arise in connection with income of such corporations arising from sources within the State of Alabama; the proper apportionment and allocation of deductions of such foreign corporations with respect to the income arising from sources within and without the State of Alabama shall be determined under the rules and regulations prescribed by the department of revenue; provided, that in the case of foreign corporations doing business partly within and partly without Alabama where income is apportioned and allocated to Alabama the expense incurred by such corporation in connection with earning such income shall be apportioned to Alabama in such manner as shall fairly reflect the net income of the corporation attributable to its operations in Alabama; provided, that none of the deductions allowed by subdivision (13) of this section shall be subject to any such apportionment or allocation and all thereof shall be allowed in full, any provisions thereof to the contrary notwithstanding. Subject to the limitations contained in the preceding sentence, there shall be allowed as deductions in computing the net income of corporations:
 

 [[Image here]]
 

 “(2) All interest paid or accrued within the taxable year on its indebtedness except on indebtedness incurred or continued to purchase or carry obligations or securities, other than obligations of the United States issued after September 24, 1917, the interest upon which is wholly exempt from taxation under this title as income to the taxpayer; in the case of a foreign corporation, the proportion of such interest which shall be deductible shall be a portion of such interest determined by the ratio the amount of its gross income from sources within the State of Alabama bears to the amount of its gross income from all sources both within and without the
 
 *861
 
 State of Alabama.”
 
 [2]
 

 Section 40 — 18—35(a)(2) was amended in 1998 to delete the gross-income ratio from a foreign corporation’s interest-deduction calculation.
 
 See
 
 Ala. Acts 1998, Act No. 98-502. In 1999, the interest deduction was deleted altogether from § 40-18-35.
 
 See
 
 Ala. Acts 1999, Act No. 99-664, § 1. It is undisputed, however, that the gross-income-ratio formula for calculating a corporation’s allowable deductions for interest expense set out in § 40-18-35(a)(2) was valid and in effect as of 1993 and 1994, the tax years at issue in this case.
 

 Background of Regulation 810-3-31-02 and the Three-Factor Formula
 

 Alabama first adopted a corporate-income-tax scheme in 1933; those tax statutes were substantially amended in 1935.
 
 See
 
 Ala. Acts 1935, Act No. 194 (“the 1935 Act”). The 1935 Act required foreign corporations doing business in Alabama or owning income-producing property in Alabama to pay an income tax.
 
 See
 
 Ala. Acts 1935, Act No. 194, § 398. In response to the 1935 Act, the Department promulgated Regulation 398.2, which required multi-state corporations to apportion income to Alabama by separate geographical accounting or by the average of three factors: property, the cost of manufacturing, and sales.
 

 Alabama first adopted the Multistate Tax Compact (“the MTC”) in 1967.
 
 See
 
 Ala. Acts 1967, Act No. 395. Alabama’s version of the MTC is currently codified at § 40-27-1, Ala.Code 1975. The MTC adopted a three-factor formula to calculate business income to be apportioned to this state; those factors consist of property, payroll, and sales. As currently codified, this formula is stated as follows: “All business income shall be apportioned to this state by multiplying the income by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is three.” § 40-27-1, Art. IV, ¶ 9.
 

 The MTC does not specifically address the topic of interest-expense deductions. However, the Department asserts that, because business income is calculated under the three-factor formula, interest-expense deductions must also be calculated under that formula.
 

 At the time Alabama adopted the MTC, the Department amended Regulation 398.2 to address the MTC.
 
 [3]
 
 The Department amended Regulation 398.2 numerous times, and, in 1982, it was renumbered as Regulation 810-3-31-.02. A version of Regulation 810-3-31-.02 is still in effect today.
 

 As of 1982, a portion of Regulation 810-3-31-.02 addressing “Deductions of Foreign Corporations” provided that “[cjorporations which report to Alabama in accordance with Reg. 810-3-31-.02
 
 *862
 
 shall apportion their allowable deductions based upon that regulation as well as this regulation and Sec. 40-18-35.” Regulation 810-3-31-.02(l)(b). As best we can determine, that version of Regulation 810-3-31-.02 was in effect in 1993 and 1994. The version of § 40-18-35(a)(2) quoted earlier was also in effect.
 

 Analysis
 

 We are asked to decide if the circuit court correctly concluded that the specific language of § 40-18-35(a)(2), which, during the pertinent tax years, directed a foreign corporation to calculate interest-expense deductions pursuant to the gross-income-ratio formula, prevails over the more general language of Regulation 810-3-31-.02, which, during the pertinent tax years, directed a foreign corporation to “apportion their allowable deductions based upon that regulation as well as this regulation and Sec. 40-18-35.”
 
 [4]
 

 In
 
 Alco Standard Corp. v. State Department of Revenue,
 
 Administrative Law Division, Docket No. 94-335, the ALJ for the Department addressed this very issue. In
 
 Aleo Standard,,
 
 the taxpayer and the Department disputed the proper method of calculating the corporation’s interest-expense deduction to be applied to the taxpayer’s 1990, 1991, and 1992 tax returns. The Department had assessed the taxpayer using the three-factor formula set forth in Regulation 810-3-31-.02, but the taxpayer asserted that the gross-income-ratio formula set forth in § 40-J.8-35(a)(2) was the proper method to apply.
 
 [5]
 
 The taxpayer appealed the Department’s assessment.
 

 On appeal, the Department’s ALJ held in favor of the taxpayer, stating:
 

 “[Section 40-18-35(a)(2), Ala.Code 1975,] provides a clear statutory method for prorating a foreign corporation’s interest expense to Alabama. If a regulation is contrary to the plain language of a statute, the regulation must be rejected and the statute followed.
 
 Ex parte City of Florence,
 
 417 So.2d 191 (Ala.1982). The Alabama Supreme Court in
 
 Ex parte Jones Manufacturing Company, Inc.,
 
 589 So.2d 208 (Ala.1991), at page 210, stated as follows:
 

 “ ‘The provisions of a statute will prevail in any case of a conflict between a statute and an agency regulation.
 
 Ex parte State Dep’t of Human Resources,
 
 548 So.2d 176 (Ala.1988). An administrative regulation must be consistent with the statutes under which its promulgation is authorized.
 
 Ex parte City of Florence,
 
 417 So.2d 191 (Ala.1982). An administrative agency cannot usurp legislative powers or contravene a statute.
 
 Alabama State Milk Control Bd. v. Graham,
 
 250 Ala. 49, 33 So.2d 11 (1947). A regulation cannot subvert or enlarge upon statutory policy.
 
 Jefferson County Bd. of Educ. v. Alabama Bd. of Cosmetology,
 
 380 So.2d 913 (Ala.Civ.App.1980).’
 

 “In the Department’s defense, § 40-18-35(a) does provide that ‘the proper apportionment and allocation of deductions of such foreign corporations with respect to the income arising from sources within and without the State of Alabama shall be determined under the rules and regulations prescribed by the department of revenue.’ However a specific statute relating to a specific sub
 
 *863
 
 ject is regarded as an exception to and must prevail over a general statute relating to a broad subject.
 
 Ex parte Jones Manufacturing Co, Inc., supra,
 
 at page 211. Consequently, § 40-18-35(a)(2), which gives a specific formula that must be followed in prorating interest to Alabama, must control over the general provision that allows the Department to issue regulations relating to the apportionment and allocation of a deduction. Section 40-18-35(a)(2) must govern as to its specific field of operation, i.e., the proration of interest.
 

 “An argument can also be made (by either the Taxpayer or the Department) that the gross income formula set out in § 40-18-35(a)(2) does not ‘fairly reflect the
 
 net income
 
 of the corporation attributable to its operations in Alabama,’ as mandated by § 40-18-35(a). But again, the plain language of § 40-18-35(a)(2) must control.
 

 “Department Reg. 810-3-31-,02(l)(a)5.(i) clearly conflicts with the formula set out in § 40 — 18—35(a)(2), and is accordingly rejected.”
 

 Aleo Standard,
 
 Docket No. 94-335 at 4-5 (footnote omitted). The Department did not appeal the ALJ’s decision in
 
 Aleo Standard.
 

 In this case, on appeal to the Administrative Law Division, the ALJ concluded that
 
 Aleo Standard
 
 had been incorrectly decided. In concluding that the formula required by the regulation should be given priority over the formula required in the statute, the ALJ relied on language found in § 40-18-35(a) that provided that “the proper apportionment and allocation of deductions ... shall be determined under the rules and regulations prescribed by the department of revenue” and that “[deductions to foreign corporations] shall be apportioned to Alabama in such manner as shall fairly reflect the net income of the corporation.” The ALJ also relied heavily on the last sentence of § 40-18-35(a), which stated: “Subject to the limitations contained in the preceding sentence, there shall be allowed as deductions in computing the net income of corporations [a deduction for interest expense calculated pursuant to the gross-income-ratio formula].”
 

 The ALJ also concluded that, since 1967, when the Department incorporated the MTC rules into its regulations, the Department had consistently required corporations to allocate and apportion their interest deductions pursuant to those regulations. The ALJ, relying on
 
 Pilgrim v. Gregory,
 
 594 So.2d 114 (Ala.Civ.App.1991), placed great weight on the Department’s interpretation of § 40-18-35 because it was the agency charged with its enforcement.
 

 On appeal to this court, the Department’s arguments track the grounds stated by the ALJ in its order. The Department relies on the language of § 40-18-35(a), and argues that the legislature declared that any deduction allowed for interest expense was to be calculated according to the method specified by the Department’s regulations rather than by the method specified in the statute. The Department also argues that the three-factor formula is the only method that fairly reflects the net income of the corporation attributable to Jim Beam’s operations in Alabama as required by the statute. The Department also asserts that the express language of § 40-18-35(a) made application of the gross-income-ratio formula subject to the limitations identified therein, the application of which mandated the use of the three-factor formula. The Department also asserts that, absent a compelling reason otherwise, its interpretation of the statute should be given great weight.
 

 
 *864
 
 We cannot agree with the Department. In § 40-18-35, the legislature specifically adopted the gross-income-ratio formula as the proper means of determining a foreign corporation’s interest-expense deduction to be apportioned in Alabama. It cannot be disputed that the formula adopted in § 40-18-35(a)(2) was specific to the field of calculating interest-expense deductions allowed to foreign corporations. It also cannot be disputed that the three-factor formula, urged by the Department as the only proper method of computing interest-expense deductions, conflicts with the gross-income-ratio formula. “The provisions of a statute will prevail in any case of a conflict between a statute and an agency regulation.”
 
 Ex parte Jones Mfg. Co.,
 
 589 So.2d 208, 210 (Ala.1991).
 
 See also Ex parte Crestwood Hosp. & Nursing Home, Inc.,
 
 670 So.2d 45 (Ala.1995) (accord);
 
 Ex parte City of Birmingham,
 
 992 So.2d 30, 32 (Ala.Civ.App.2008) (accord);
 
 Kids’ Klub, Inc. v. State Dep’t of Hum. Res.,
 
 874 So.2d 1075 (Ala.Civ.App.2003) (accord); and 1A N. Singer,
 
 Sutherland Statutory Construction
 
 § 31.02 (4th ed. 1985) (accord).
 

 “It is axiomatic that administrative rules and regulations must be consistent with the constitutional or statutory authority by which their promulgation is authorized. See C. Sands,
 
 Sutherland Statutory Construction
 
 § 31.02 (4th ed. 1973).
 
 ‘A
 
 regulation ... which operates to create a rule out of harmony with the statute, is a mere nullity.’
 
 Lynch v. Tilden Produce Co.,
 
 265 U.S. 315, 44 S.Ct. 488, 68 L.Ed. 1034 (1924). This is because an administrative board or agency is purely a creature of the legislature, and has only those powers conferred upon it by its creator.
 
 Woodruff v. Beeland,
 
 220 Ala. 652, 127 So. 235 (1930).”
 

 Ex parte City of Florence,
 
 417 So.2d 191, 193-94 (Ala.1982).
 

 We also reject the Department’s argument that the language of § 40-18-35(a) authorized the Department to adopt and apply a formula for calculating interest-expense deductions different than the one specifically set forth in § 40-18-25(a)(2). If we were to interpret the language of § 40-18-35(a) in the manner urged by the Department, it would mean that the legislature had authorized the Department to negate the application of the gross-income-ratio formula specified in § 40-18-35(a)(2) at any time by simply adopting a different formula, as it did by adopting Regulation 810-3-31-.02.
 

 However,
 

 “[i]t is never supposed that the Legislature intended in one act to introduce contradictory provisions; and it is never so declared unless that conclusion is required by the terms employed. It is the office of construction to reconcile inhar-mony of legislative terms, if that may be done without any assumption opposed to the language used.”
 

 Mooring v. State ex rel. Braswell,
 
 207 Ala. 34, 37, 91 So. 869, 871 (1921). Moreover, as a general rule, the Department is not authorized to subvert a statute,
 
 see Ex parte Jones Mfg. Co.,
 
 589 So.2d at 210 (“A regulation cannot subvert or enlarge upon statutory policy.”), or to render statutory language meaningless,
 
 see Ex parte Uniroyal Tire Co.,
 
 779 So.2d 227, 236 (Ala.2000) (“Tt must be presumed,’ however, that statutes are enacted with a ‘meaningful purpose.’ ” (quoting
 
 Adams v. Mathis,
 
 350 So.2d 381, 385-86 (Ala.1977))). Thus, we construe the provision of § 40-18-35(a), which stated that “the proper apportionment and allocation of deductions of such foreign corporations ... shall be determined under the rules and regulations prescribed by the department” to mean that the apportionment shall be calculated
 
 *865
 
 pursuant to the Department’s rules and regulations to the extent those rules and regulations do not conflict with the provisions set forth in § 40-18-35 and other statutes addressed to that issue.
 

 Further, we note that the language of § 40-18-35(a) was more general and was directed at deductions allowed to foreign corporations
 
 in general,
 
 while § 40-18-35(a)(2) was directed
 
 specifically
 
 at the method to be used in calculating interest-expense deductions for foreign corporations. As noted by the AL J in
 
 Aleo Standard
 
 and by the trial court in the instant case, any conflict or inconsistency in § 40-18-35(a) and § 40-18-35(a)(2) is resolved by application of the principle that a specific statutory provision must prevail over a more general statutory provision relating to a broad subject.
 
 See Ex parte Jones Mfg. Co.,
 
 589 So.2d 208 at 211.
 

 In
 
 Ex parte Jones Manufacturing, supra,
 
 our supreme court rejected the Department’s argument that it had been granted by statute the authority to adopt such rules and regulations “ ‘as said department shall deem desirable’ ” governing the methods of ascertaining and determining gains and income. 589 So.2d at 210-11. Pursuant to that purported authority, the Department had promulgated a regulation applying certain recapture principles to a corporation’s complete liquidation of all of its assets.
 
 Id.
 
 The application of that regulation, however, conflicted with a statute in which the legislature had specifically stated that a corporation shall not be required to recognize a gain upon the sale of all of its assets.
 
 Id.
 

 The court in
 
 Ex parte Jones
 
 noted that, under the Department’s interpretation of its authority, a conflict between two statutes would be created.
 
 Id.
 
 at 211. Although the court concluded that no conflict between the two statutes existed because it held that the Department had no authority to adopt regulations that violated existing statutes, the court noted that, even if a conflict were found, the more specific statute would govern as to its specific field of operation.
 
 Id.
 

 In this case, the language of § 40-18-35(a) broadly recognized that the deductions allowed to foreign corporations, as a general topic, were to be “determined under the rules and regulations prescribed by the department” and were to “be apportioned to Alabama in such manner as shall fairly reflect the net income of the corporation attributable to its operations in Alabama.” However, the legislature then proceeded to set forth a specific method of calculating the specific deduction allowed foreign corporations for interest expense. Thus, to the extent there is any conflict between the language of § 40-18-35(a), which contained the more general language purportedly requiring application of the regulation setting out the three-factor formula, and § 40-18-35(a)(2), which contained the more specific language requiring application of the gross-income-ratio formula, the more specific language of subsection (a)(2) must be given priority.
 

 The Department also argues that the three-factor formula is the only method that fairly reflects the net income of the corporation attributable to Jim Beam’s operations in Alabama, as required by the statute. However, such an argument appears to challenge the appropriateness of the method adopted by the legislature in § 40-18-35(a)(2) for calculating interest-expense deductions, an issue not appropriately directed to this court.
 
 See Jansen v. State ex rel. Downing,
 
 273 Ala. 166, 168, 137 So.2d 47, 48 (1962) (“all questions of propriety, wisdom, necessity, utility and expediency in the enactment of laws are exclusively for the legislature, and are matters with which the courts have no
 
 *866
 
 concern”).
 
 See also DeKalb County LP Gas Co. v. Suburban Gas, Inc.,
 
 729 So.2d 270, 276 (Ala.1998) (“[I]t is our job to say what the law is, not to say what it should be.”).
 

 The Department also argues that, absent a compelling reason otherwise, its interpretation of the statute should be given great weight. We do not disagree with this general statement of the law.
 

 “[I]t is well established that in interpreting a statute, a court accepts an administrative interpretation of the statute by the agency charged with its administration, if that interpretation is reasonable.
 
 Ex parte State Dep’t of Revenue,
 
 [683 So.2d 980 (Ala.1996) ] (citing
 
 Alabama Metallurgical Corp. v. Alabama Pub. Serv. Comm’n,
 
 441 So.2d 565 (Ala.1983)). Absent a compelling reason not to do so, a court will give great weight to an agency’s interpretations of a statute and will consider them persuasive.
 
 Ex parte State Dep’t of Revenue,
 
 supra (citing
 
 Moody v. Ingram,
 
 361 So.2d 513 (Ala.1978)).”
 

 State v. Pettaway,
 
 794 So.2d 1153, 1157 (Ala.Civ.App.2001). However, as established above, when the Department’s interpretation conflicts with the applicable statute, the Department’s regulation cannot stand.
 

 Finally, the Department attempts to argue that the three-factor formula adopted in Regulation 810-3-31-.02 satisfied the requirements of § 40-18-35(a)(2). We disagree. The Department has consistently argued that the gross-income-ratio formula and the three-factor formula are distinct and contradictory methods of calculating interest-expense deductions. If that were not so, then this litigation would have been pointless because application of the formulas would have yielded the same deduction for Jim Beam’s 1993 and 1994 tax years. Additionally, the ALJ in
 
 Aleo Standard
 
 unequivocally concluded that the two formulas were in conflict. We agree with that conclusion.
 

 We, therefore, agree with the circuit court that the ALJ’s decision was erroneous. We affirm the circuit court’s judgment.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Unless otherwise noted, references in this opinion to § 40-18-35, Ala.Code 1975, and Regulation 810-3-31-.02, Ala. Admin. Code, are to the versions of that Code section and regulation in effect during the applicable tax years — i.e., 1993 and 1994.
 

 [2]
 

 . Because the parties dispute only if the gross-income-ratio formula was to be applied — -not how the formula works or how it was to be applied in this case — we need not address the mathematical formula or functions involved.
 

 [3]
 

 . Although Alabama adopted the MTC, it appears that the MTC did not become effective in Alabama until several years later. Although the Department amended its regulation in response to the MTC in 1967, the Department challenged the validity of the MTC in Alabama as late as 1993.
 
 See State Dep't of Revenue v. MGH Mgmt., Inc.,
 
 627 So.2d 408, 411 (Ala.Civ.App.1993) (rejecting the Department’s challenge to the validity and effectiveness of the MTC in Alabama and recognizing that the MTC became effective in Alabama in 1977, upon the recodification of the Alabama Code). Although the regulations adopted in 1967 are not challenged in this appeal, it is unclear how they could have been valid if the MTC did not become effective in Alabama until 1977.
 

 [4]
 

 . We have correctly quoted the regulation as it existed in 1993 and 1994. It is not completely clear, however, to what "this regulation” and "that'regulation” were intended to refer.
 

 [5]
 

 . In
 
 Aleo Standard,
 
 the same versions of § 40-18-35(a) and Regulation 810-3-31-.02 that apply in this case were in effect during the tax years at issue in that case.